STATE OF INDIANA *v.* LLOYD JUMP.

[No. 2-973A201.  Filed April 11, 1974.]

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellant.

*Peter L. Wormser,* of Indianapolis, for appellee.

SULLIVAN, P.J.—The State filed a petition in the Juvenile Court of Marion County seeking waiver of jurisdiction of a juvenile in order that the latter could be prosecuted in the Criminal Court as an adult for robbery while armed and infliction of physical injury while in commission of said robbery. The petition was denied. The State appeals contending that the Juvenile Court abused its discretion in so doing because:

(1) The offenses allegedly committed by the 16 year old juvenile are serious and heinous; and

(2) The Juvenile Court did not state its reasons for refusing to waive jurisdiction.

## COMMISSION OF SERIOUS OFFENSE DOES NOT REQUIRE JUVENILE COURT TO WAIVE JURISDICTION

The waiver statute, IC 1971, 31-5-7-14 (Burns Code Ed.) states that the Juvenile Court *may* waive jurisdiction of a juvenile over the age of 15 who is charged with an offense which would be a crime if committed by an adult *or* may retain jurisdiction and conduct and dispose of the case as provided in the statutes governing the juvenile justice system. It vests discretion in the Juvenile Court and does not differentiate between "serious and heinous" offenses and those of lesser degree.

The discretion of the Juvenile Court is not absolute with respect to granting petitions for waiver. *See Atkins* v. *State*

(1972), 252 Ind. 237, 290 N.E.2d 441. Quite a different matter is presented, however, when the court denies such a petition.

As stated in the *Atkins* case, *supra:*

"Indiana Code 1971, 31-5-7-1, being Burns § 9-3201, states the overall purpose of the juvenile justice system as follows: 'The purpose of this act is to secure for each child within its provisions such care, guidance and control, *preferably in his own home,* as will serve the child's welfare and the best interests of the state; and when such child is removed from his own family, to secure for him custody, care and discipline *as nearly as possible equivalent to that which should have been given by his parents.'* (Emphasis added.) This statutory context creates a presumption in favor of disposing of juvenile matters within the juvenile system and makes waiver to criminal court jurisdiction a last resort to be used only when the juvenile court after full hearing determines that the range of dispositions available within the juvenile system are not adequate in the particular case to serve 'the child's welfare and the best interests of the state.' Waiver to criminal court is then to be the exception and as such is to be explicitly justified in the waiver order." 290 N.E.2d 441, 442-443.

The State relies upon *Summers* v. *State* (1967), 248 Ind. 551, 230 N.E.2d 320 as supportive of its position that the Juvenile Court *must* waive jurisdiction if the offense is heinous or of an aggravated character. The language from *Summers* which refers to the gravity of the offense, however, is clearly and wholly permissive and was set forth with other alternative factors "which *might* be determinative of the propriety for waiver in a *given* case." (Emphasis supplied) 248 Ind. at 561.

Quite certainly, it may not be said that retention of jurisdiction by the Juvenile Court is erroneous merely because the offenses allegedly committed by the juvenile are "serious" offenses. We thus reject the contention advanced by the State. To adopt it would be to require *all* juveniles to be waived to the criminal court for trial upon serious charges without regard to the purpose of the

juvenile law concerning treatment and rehabilitation, as expressed in *Atkins* v. *State, supra.*

The jurisdiction of the Juvenile Court is original and exclusive unless that court in the exercise of its sound discretion chooses to waive it. *State ex rel. Hunter* v. *Juvenile Court of Marion County* (1974), 261 Ind. 624, 308 N.E.2d 695; *Atkins* v. *State, supra; Summers* v. *State, supra.* A determination by such court to retain jurisdiction over a juvenile is therefore not reviewable upon appeal.

## JUVENILE COURT NEED NOT SPECIFY REASONS FOR DENIAL OF PETITION TO WAIVE JURISDICTION

In light of the parens patriae nature of our juvenile justice system and in order to afford adequate protection to its rehabilitative purpose as well as to the rights of the juvenile, when the court waives its jurisdiction, it must state its reasons for such action. *Summers* v. *State, supra.* There is no converse duty, however, to state reasons when the Juvenile Court has in its discretion chosen to retain jurisdiction; nor should there be. To require the Juvenile Court to defend its assumption and retention of jurisdiction would constitute an unwarranted interference with the discretion statutorily vested in that court and subvert the meaning and purpose of the laws governing the disposition of juvenile offenders.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 309 N.E.2d 148.