LESLIE ALLEN INGRAM *v.* STATE OF INDIANA.

[No. 1-873A152. Filed May 20, 1974.]

*Robert F. Wisehart, Wisehart & Wisehart,* of Middletown, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn A. Grampp,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant Ingram brings this appeal from an order of the Henry Superior Court, sitting as a juvenile court, waiving juvenile jurisdiction over Ingram to the criminal court. We reverse for the reason that the juvenile court failed to obtain original jurisdiction over Ingram.

The Supreme Court of Indiana in the case of *Summers* v. *State* (1967), 248 Ind. 551, 230 N.E.2d 320, examined the procedural steps necessary before juvenile jurisdiction can be waived to the criminal court. The initial requirement is that jurisdiction over the juvenile be obtained by the juvenile court, for without that the juvenile court has nothing to waive. The *Summers* court stated:

> "Jurisdiction shall be obtained in the following manner.
> 'A person subject to the jurisdiction of the juvenile court under this act may be brought before it by either of the following means and no other:
> (a) By petition praying that the person be adjudged delinquent * * *' Ind. Ann. Stat. § 9-3207 (1966 Supp.)
> The steps necessary to the juvenile court's exclusive original jurisdiction are set forth as follows:
> 'Any person may and any peace officer shall give to the court information * * * that there is within the county or residing within the county a * * * delinquent child. Thereupon, the court shall, as far as possible, make preliminary inquiry to determine whether * * * further action be taken. *Whenever practicable such inquiry shall include a preliminary investigation of the home and environmental situation of the child, his previous history and the circumstances of the condition alleged* and if the court shall determine that formal jurisdiction should be acquired, shall authorize a petition to be filed by the

probation officer * * *' Ind. Ann. Stat. § 9-3208 (1966 Supp.)

It has been held that § 9-3208, supra, is implementive of § 9-3207, supra, and that it was the intent of the legislature in such cases that if the judge of the juvenile court believed that formal jurisdiction should be acquired, the judge should authorize a petition to be filed." 248 Ind. at 556, 230 N.E.2d at 323.

The court went on to say that original jurisdiction could only be obtained in the manner set forth above.

In the instant case the required preliminary hearing was held to determine whether a petition should be filed. The trial judge at that hearing stated that the affidavit signed by the Indiana State Trooper set out sufficient facts to justify the filing of a petition for delinquency. This affidavit merely specified the offense and the circumstances surrounding it. The Juvenile Act, however, at IC 1971, 31-5-7-8 (Burns Code Ed.), section 9-3208 in the above quote, makes it clear that evidence of the circumstances of an offense is only one of the factors to be considered by the court in determining whether formal jurisdiction should be acquired. In addition thereto, the child's home and environmental situation and his previous history must be examined. No such inquiry was made. Jurisdiction was not established by the juvenile court. As said in *Summers*, "A fortiori, jurisdiction not obtained by the juvenile court cannot be waived to the criminal court." 248 Ind. at 557, 230 N.E.2d at 323.

We deem it necessary to mention another issue raised by Ingram. He was only ten days away from his eighteenth birthday at the time of the occurrence of the incident here involved. The trial court's waiver order suggests that the unavailability of the sanction of commitment to Boys School because of Ingram's age may have been the prime factor in its decision to waive jurisdiction to criminal court. The recent decision of our Supreme Court in *Atkins* v. *State* (1972), 259 Ind. 596, 290 N.E.2d 441, emphasized that other dispositions are available to a juvenile court, and if the juvenile court

concludes such dispositions are without value it must specify the reasons for that conclusion. Those reasons must be supported by the record of either the preliminary hearing or the waiver hearing. See *Kent* v. *United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.E.2d 84; *Summers, supra.*

Judgment reversed and remanded for the purpose of setting aside the trial court's order waiving juvenile jurisdiction and other such action not inconsistent with this opinion.

Judgment reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 310 N.E.2d 903.