BRUCE CARTWRIGHT, DONNIE J. ATKINS *v.* STATE OF INDIANA.

[No. 1-375A56. Filed March 22, 1976.]

518

*E. Edward Dunsmore,* of New Castle, *William G. Baker,* of New Castle, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, C.J.—This is an appeal from two orders of the Henry Circuit Court, sitting as a juvenile court, waiving juvenile jurisdiction over defendants-appellants Atkins and Cartwright to the criminal court on charges of robbery.

The issue upon appeal is whether the orders were supported by sufficient evidence and were set out with the required specificity. Finding that the waiver orders were sufficient, we affirm.

The facts from which this case arose are as follows: On April 22, 1974, Mr. Schofield entered a restroom located near Memorial Park in Henry County and was confronted by Atkins who hit and kicked him to the floor. Cartwright entered the restroom and participated in the incident during which approximately seventy-one dollars ($71.00) and some credit cards were removed from the victim's wallet. Both Atkins and Cartwright were apprehended and taken into custody.

Since both Atkins and Cartwright were seventeen (17) years of age at the time of the offenses, the State filed petitions for delinquency against the defendants charging them

with conduct which, if committed by an adult, would constitute the crime of robbery. After preliminary hearings, the juvenile court determined that formal jurisdiction should be acquired. The State later filed a petition to waive juvenile jurisdiction. A hearing was held on the petition and the court found that juvenile jurisdiction should be waived pursuant to statute and that the defendants should be held for trial as adults.

Atkins and Cartwright bring this appeal from the court's waiver orders.

The Indiana statute providing for waiver of juvenile jurisdiction in effect on the date of the present waiver orders, IC 1971, 31-5-7-14 (Burns Code Ed.),[1] read in part:

> "If a child fifteen (15) years of age or older is charged with an offense which would amount to a crime if committed by an adult, the judge, *after full investigation,* may waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult." (Emphasis supplied.)

While the jurisdiction of the juvenile court is original and exclusive until waived by that court,[2] *State ex rel. Hunter* v. *Juvenile Court of Marion County* (1974), 261 Ind. 624, 308 N.E.2d 695, the discretion of the juvenile court with respect to granting petitions for waiver is not absolute. *State* v. *Jump* (1974), 160 Ind. App. 1, 309 N.E.2d 148.

The landmark case of *Summers* v. *State* (1967), 248 Ind. 551, 230 N.E.2d 320, was the first Indiana case to extensively consider proper waiver procedures, concentrating primarily upon the statutory duty of the juvenile court to conduct a "full investigation" prior to issu-

---

1. Later amendments have significantly revised the waiver requirements. IC 1971, 31-5-7-14 (Burns Code Ed., Supp. 1975).

2. No argument was made that the juvenile court failed to acquire jurisdiction. *See: Ingram* v. *State* (1974), 160 Ind. App. 188, 310 N.E.2d 903.

ing its waiver order. Our Supreme Court, relying upon *Kent* v. *United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed. 2d 84, held that the determination of whether to waive juvenile jurisdiction and transfer the child to the regular criminal processes is a critically important proceeding of which the appellate courts must conduct a "meaningful review". The court stated that review was impossible unless the waiver order contained a statement of the reasons motivating the juvenile court's decision to waive its otherwise exclusive jurisdiction, for the court on appeal may not *assume* that there are adequate reasons or *assume* that a "full investigation" has been made. As stated by the Supreme Court:

> "Accordingly we hold here as was held in *Kent, supra,* 'that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor' We, as the reviewing court, hold that the statement while not necessarily including a conventional finding of facts, should be sufficient to demonstrate unequivocally that the strict statutory requirement of a full investigation and hearing has been met and that a conscientious determination of the question of waiver has been made. We require that the reasons for the order should be stated with sufficient specificity to permit a meaningful review." 248 Ind. at 559-60, 230 N.E.2d at 325.

The court further stated that the reasons for waiver to criminal court must be more than the mere state of mind of the judge. They must be a matter of record after a full hearing. The court must clearly state in the order the reasons for waiver supported by facts in the record.

The Supreme Court indicated several factors which in its opinion could justify waiver:

> ". . . we would say that an offense committed by a juvenile may be waived to a criminal court if the offense has specific prosecutive merit in the opinion of the prosecuting attorney; *or* if it is heinous or of an aggravated character, greater weight being given to offenses against the person than to offenses against property; or even though less serious, if the offense is part of a repetitive pattern of juvenile offenses

which would lead to a determination that said juvenile may be beyond rehabilitation under the regular statutory proceedings; *or* where it is found to be in the best interest of the public welfare and for the protection of the public security generally that said juvenile be required to stand trial as an adult offender." (Emphasis added.) 248 Ind. at 561, 230 N.E.2d at 325-26.

The Supreme Court did not intend these reasons as the *only* reasons which might justify waiver, nor did the Court state that the juvenile court must find that all of those factors exist in the case before it.

"We do not necessarily limit the determinative factors to those stated above but we suggest them only as guidelines, any one of which might be determinative of the propriety for waiver in a given case." 248 Ind. at 561, 230 N.E.2d at 326. *See also: State* v. *Jump* (1974), 160 Ind. App. 1, 309 N.E.2d 148.

The court held that the waiver order before it, which merely recited the statutory requirements for waiver, was inadequate. Five years later in *Atkins* v. *State* (1972), 259 Ind. 596, 290 N.E.2d 441, the Supreme Court further held that a waiver order which merely recites the *Summers* standards is insufficient. The central thought of the two cases is clear; a waiver order must clearly state the reasons for the waiver on the facts of the each individual cases. A waiver order merely reciting predefined standards, whether derived from statute or case law, is insufficient.

We are of the opinion that the waiver order in the present case clearly demonstrated that the juvenile court conducted a full investigation and made a conscientious determination of waiver.

The two waiver orders for Atkins and Cartwright are identical except for the names of the two defendants, as are the arguments of each in support of the contention that the orders were insufficient. Thus, the two cases are consolidated for purposes of review.

Atkins and Cartwright first challenge the court's finding that the offense has specific prosecutive merit.

The term "specific prosecutive merit" is derived from *Summers* in which the Supreme Court indicated that one of the factors which might justify waiver was the prosecuting attorney's opinion that the offense has specific prosecutive merit. Subsequently, in *Atkins* v. *State, supra,* the court held that while prosecutive merit is a *necessary* finding, prosecutive merit is never sufficient, in and of itself, to support a waiver order because the central issue before the juvenile court on a waiver hearing is not whether the case can be successfully prosecuted in criminal court, but whether it should be so prosecuted.

We believe that the role of this finding in a waiver proceeding was properly stated by Judge Garrard in the case of *Imel* v. *State* (1976), 168 Ind. App. 384, 342 N.E.2d 897:

> "Where a request is made that the juvenile court waive jurisdiction, it is both proper and necessary that the court consider whether the matter sought to be waived to criminal court has prosecutive merit, for if it does not, there should be no waiver. On the other hand, if the court determines that the charges do have prosecutive merit, then it must reach the second question whether it should waive or retain its juvenile jurisdiction."

The evidence presented at Atkins' and Cartwright's hearings was sufficient to support the juvenile court's finding that the offenses charged had prosecutive merit. As stated in the waiver order, the evidence indicated that Ray Schofield, was beaten about the face and body and kicked by Atkins and Cartwright and that $71.00 was taken from Schofield's possession. Atkins was apprehended, and $71.00 was found in his possession. Atkins admitted that he had struck the victim and had taken the money from the victim's wallet. He also testified that Cartwright struck the victim and aided Atkins in his escape. The evidence was sufficient to support the trial court's determination.

Atkins and Cartwright also argue that the waiver order is insufficient because it did not demonstrate that the juvenile court had considered all the possible dispositions available within the juvenile system before transferring them to the criminal court. Their argument is based upon the following language from *Atkins* v. *State, supra:*

"This statutory context creates a presumption in favor of disposing of juvenile matters *within* the juvenile system and makes waiver to criminal court jurisdiction a last resort to be used only when the juvenile court after full hearing determines that the range of dispositions available within the juvenile system are not adequate in the particular case to serve 'the child's welfare and the best interests of the state.'" 259 Ind. 596, 598, 290 N.E.2d 441, 443.

In *Atkins,* the juvenile court stated in its waiver order that no disposition available in the juvenile system was adequate for the reason that the child would be eighteen years of age prior to disposition, thus precluding commitment to a state institution. The Supreme Court held that section of the waiver order insufficient since it showed that the juvenile court had not considered the whole range of available dispositions, but only the unavailability of commitment to the Boys School. *See also: Ingram* v. *State* (1974), 160 Ind. App. 188, 310 N.E.2d 903.

The waiver orders of the present case clearly demonstrated that the juvenile court conducted a full investigation of possible juvenile dispositions before concluding that Atkins and Cartwright should be tried by the regular criminal processes.

As in *Atkins,* the waiver order included the finding that both defendants were over eighteen years old and could not be committed to the Boys School. However, the order further indicated that the court had considered private institutions, foster homes and wardships and determined that these dispositions were unavailable due to the ages of the defendants and the seriousness of the offense charged.

Atkins and Cartwright argue that the waiver order failed to explain why other dispositions available within the juvenile

system were not adequate. We do not believe that the waiver order must specifically refer to each and every conceivable juvenile disposition. The order must only indicate, as it did in the present case, that the court has considered the range of dispositions available and has made a conscientious determination that the case should not be handled in the juvenile system.

The final contention concerns the court's finding that the alleged offense is a heinous offense and an offense of aggravated character. Relying upon *State* v. *Jump* (1974), 160 Ind. App. 1, 309 N.E.2d 148, Atkins and Cartwright argue that the mere fact that the alleged offense is a serious crime is not sufficient basis for waiver.

The issue before the court in *State* v. *Jump* was not whether seriousness of the offense might justify waiver, but whether jurisdiction *must* be waived if the crime charged is a serious offense. While the case held that the mere fact that the offense charged is serious does not require the Juvenile Court to waive jurisdiction, it did not hold that this factor could not justify waiver in a given case. The seriousness of the offense charged is a proper consideration on a waiver determination. As stated in *Summers* v. *State, supra:*

"[W]e would say that an offense committed by a juvenile may be waived to a criminal court . . . if it is heinous or of an aggravated character, greater weight being given to offenses against the person than to offenses against property. . . ." 230 N.E.2d at 325.

The finding in the present case was based upon the language of *Summers* and supported by evidence in the record.

The orders of the Juvenile Court waiving jurisdiction over Atkins and Cartwright are affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 344 N.E.2d 83.