GEORGE ROGER DUVALL *v.* STATE OF INDIANA.

[No. 2-375A77. Filed August 31, 1976. Rehearing denied September 27, 1976. Transfer denied February 9, 1977.]

*Michael A. Kiefer, Steers, Klee, Sullivan, McNamar & Rogers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

SULLIVAN, J.—In 1974, following waiver of jurisdiction by the Marion County Juvenile Court, appellant George Duvall (Duvall) was convicted in the Criminal Court of Marion County of assault and battery with intent to kill. Upon appeal, he asserts, (1) that the waiver order of the Juvenile Court was erroneous in that it was based solely upon a stipulation by Duvall's counsel and (2) insufficiency of evidence to support the conviction.

The jurisdiction of the Juvenile Court was waived pursuant to Ind. Ann. Stat. 31-5-7-14 (Burns Code Ed. 1973). That provision has since been twice amended. Acts 1975, P.L. 296, § 6; Acts 1976, P.L. 129, § 7. By such amendments the General Assembly announced a policy change with respect to serious crimes committed by juveniles over the age of sixteen. At present, waiver of juvenile jurisdiction is presumptively valid in certain enumerated situations unless the court makes specific findings which justify retention of jurisdiction. That policy and presumption, however, was not contained in the law which must govern disposition of this appeal, and may not enter into our determination. *Swinehart* v. *State* (1976), 169 Ind. App. 510, 349 N.E.2d 224.

In and of itself, commission of a heinous and aggravated crime does not require waiver of jurisdiction. *State* v. *Jump* (1974), 160 Ind. App. 1, 309 N.E.2d 148. Nor, in the light of *Atkins* v. *State* (1972), 259 Ind. 596, 290 N.E.2d 441, may we hold that under the prior statute which controls this case, the grievous offense committed by Duvall justified waiver unless the Juvenile Court further determined that "the range of dispositions available within the juvenile system are [sic] not adequate . . . to serve 'the child's welfare and the best interest of the state' ". 259 Ind. at 598; 290 N.E.2d at 443. In *Clemons* v. *State* (1974), 162 Ind. App. 50, 317 N.E.2d 859, the Third District of this court construed the law which binds us to require the juvenile court to "necessarily consider:

1. the nature of the offense
2. whether it is part of a repetitive pattern of juvenile offenses
3. whether the child is beyond rehabilitation under the juvenile justice system
4. whether waiver is necessary to protect the public security." 317 N.E.2d at 863.

The pertinent portions of the waiver order here are as follows:

"[Referee Richard V. Bennett]

\* \* \*

CONDUCTED a full investigation of the matter and now finds:

1. The child is (was) over fifteen (15) years of age and under eighteen (18) years of age to wit: *16* years, at the time of the charged offense.
2. The offense charged would be a crime if committed by an adult, to wit:
   ASSAULT AND BATTERY WITH INTENT TO KILL.
3. The matter has specific prosecutive merit if waived to a court of adult criminal jurisdiction.
4. That if the matter were to be retained in the juvenile jurisdiction and child adjudged to be delinquent, no disposition available to the Juvenile Court is reasonably calculated to effect rehabilitation in that:
   The offense charged is of heinous or aggravated nature,
   The offense charged is part of a repetitive pattern of juvenile offenses, to wit: J70-6389 12-6-70 FIRST DEGREE BURGLARY
   The best interests of the public welfare and the protection of public security require that said juvenile stand trial as an adult offender."

This order makes "findings" of ultimate fact and states various ultimate conclusions which purport to conform to the non-exclusive guidelines set forth in *Summers* v. *State* (1967), 248 Ind. 551, 230 N.E.2d 320 and to the necessary considerations dictated by *Clemons* v. *State, supra.* But as stated in *Cartwright* v. *State* (1976), 168 Ind. App. 517, 344 N.E.2d 83 at 86:

"A waiver order merely reciting predefined standards, whether derived from statute or case law, is insufficient."

To the same effect is *Seay* v. *State* (1975), 167 Ind. App. 22, 337 N.E.2d 489. The conclusory statements and recitations in the pro-forma printed order here are no more adequate than those which were rejected in *Summers* v. *State, supra,* and *Seay* v. *State, supra.*

We need not rest our decision in this regard solely upon the inadequacy of the findings, however. Even were we to construe the findings to be adequate for meaningful review, such findings must be supported by the record. *Ingram* v. *State* (1974), 160 Ind. App. 188, 310 N.E.2d 903. Furthermore, that support may not be provided from what transpired in the criminal court nor by the pre-sentence investigation report. See *Hardin* v. *State* (1973), 260 Ind. 501, 296 N.E.2d 784.

Other than the delinquency petition which merely alleged that Duvall shot one Rodger Cates with the intent to kill, the total and complete record with respect to the waiver of juvenile jurisdiction is verbatim as follows:

"THE COURT: Mr. Ackerman, is George Roger Duvall present in Court?

MR. ACKERMAN: Yes, he is, Your Honor.

THE COURT: Who is here with him?

MR. ACKERMAN: His mother.

THE COURT: You're Katie Duvall?

KATIE DUVALL: Yes.

THE COURT: All right, Mr. Murphy, please begin.

MR. MURPHY: At this time, the State would move to dismiss the charges of malicious trespass and disorderly conduct.

THE COURT: All right, we will do that.

MR. MURPHY: The defense and State have agreed to stipulate to the waiver on the first part as to the incident which would be an admission.

THE COURT: Is that right, Mr. Ackerman?

MR. ACKERMAN: Yes, Your Honor, for the purpose of this hearing, the defense has agreed to stipulate there was commission of the offense charged and witnesses would testify and identify the defendant.

THE COURT: You are both stipulating the child was sixteen years of age on the 28th day of April, 1974?

MR. ACKERMAN: Yes.

THE COURT: And if the State would present evidence it would indicate to the Court the involvement of George Roger Duvall in the alleged offense?

MR ACKERMAN: Yes.

THE COURT: You're also stipulating because of his past record and the heinous and aggravated offense, the child be waived to Criminal Court?

MR. ACKERMAN: Yes."

It is apparent that notwithstanding the pro-forma "findings" of the Juvenile Court, the overriding consideration which resulted in the waiver order was the "stipulation" of Mr. Ackerman. For us to conclude otherwise would be to indulge in assumptions concerning the reasons for the order. We cannot do so. *Atkins* v. *State, supra; Cartwright* v. *State, supra.*

Although the exclusive jurisdiction of the Juvenile Court inures to the benefit of the juvenile, it is nevertheless the court's jurisdiction. Thus, a "stipulation" or consent to waiver of juvenile jurisdiction does not relieve the Juvenile Court from its duty to independently and conscientiously determine the appropriateness of waiver.

*Imel* v. *State* (1976), 168 Ind. App. 384, 342 N.E.2d 897 is not authority to the contrary. It does not hold that the Juvenile Court need not independently consider and determine the availability and desireability of the dispositional alternatives within the juvenile justice system. Nor does it hold that the Juvenile Court need not specifically embrace that consideration and determination within its findings as supported by the record. The court there held that the waiver decision "is to be guided by the totality of the circumstances *shown to exist.*" (Emphasis supplied), 342 N.E.2d at 902.

Even though the court also held that the State need not introduce direct evidence to establish that the dispositional resources available within the juvenile system have been exhausted or are not calculated to achieve rehabilitation, the opinion of the Third District noted that the "circumstances shown to exist" included testimony of a clinical psychologist which clearly supported the conclusion that none of the dispositional alternatives available within the juvenile system would achieve rehabilitation. The record before us is markedly different than that which was present and deemed sufficient in *Imel* v. *State, supra.* See also, *Swinehart* v. *State, supra* and *Cartwright* v. *State, supra.*

We hold that the waiver order here challenged is not supported by adequate findings nor is it adequately supported by evidence or other matters of record. The waiver order of the Marion County Juvenile Court must therefore be vacated and set aside.

In so deciding, we have not held that Duvall could not have been properly waived to criminal court. Thus, like the United States Supreme Court in *Kent* v. *U.S.* (1966), 383 U.S. 541 at 554 we do not consider whether, on the merits, juvenile jurisdiction over Duvall should have been waived to the criminal court. Yet we are unable to validate, even conditionally, the criminal court conviction in the light of the evidence which we have reviewed and which we find fully supportive.

Were it not for the mandate of *Summers* v. *State, supra,* we would follow the reasonable, practical and just remand procedure utilized by the United States Supreme Court in *Kent* v. *U.S., supra.* See also, *Kemplen* v. *Maryland* (4th Cir. 1970), 428 F.2d 169 at 178.

In *Kent* the Court stated and ordered the following:

". . . , it is urged by petitioner that the conviction should be vacated and the indictment dismissed. In the circumstances of this case, and in light of the remedy which the Court of Appeals fashioned in Black, supra, we do not consider it appropriate to grant this drastic relief. Ac-

cordingly, we vacate the order of the Court of Appeals and the judgment of the District Court and remand the case to the District Court for hearing *de novo* on waiver, consistent with this opinion. If that court finds that waiver was inappropriate, petitioner's conviction must be vacated. If, however, it finds that the waiver order was proper when originally made, the District Court may proceed, after consideration of such motions as counsel may make and such further proceedings, if any, as may be warranted, to enter an appropriate judgment. 383 U.S. at 564-65."

However, *Summers* v. *State, supra,* requires that we reverse the judgment of the Criminal Court of Marion County and direct that Court to vacate and expunge any and all records heretofore made and to transfer the matter to the Marion County Juvenile Court for further proceedings by that Court consistent with this opinion. Accordingly we do so.

White, J., concurs; Lowdermilk, J., sitting by designation, concurs.

NOTE.—Reported at 353 N.E.2d 478.