JEFFREY GAST *v*. STATE OF INDIANA.

[No. 3-1275A293. Filed April 26, 1977. Rehearing denied June 2, 1977.]

*Hawk P. C. Kautz,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

GARRARD, J.—A delinquency petition was filed against seventeen year old Jeffrey Allen Gast. On the same day a petition to waive juvenile jurisdiction was filed. Hearing was held pursuant to the version of IC 1971, 31-5-7-14 existing prior to the 1975 amendments. Waiver was ordered, and Gast appeals challenging the sufficiency of the findings and the evidence to support them. We reverse.

At the hearing the state established that there was prosecutive merit for the alleged act of delinquency, delivery of a controlled substance. However, neither prosecutive merit nor appellant's age are sufficient to support a waiver without more. *Atkins* v. *State* (1972), 259 Ind. 596, 290 N.E.2d 441.

The evidence introduced disclosed that Gast had unlawfully delivered .02 gr. of phencyclidine, a controlled substance, to an undercover policeman. Viewed from the point of view favoring the state, the balance of the evidence disclosed the following about Gast. He had no history of trouble with either police or school authorities. He was successfully attending high school and was employed by Sears after school in a job he had held for some 14 months. The probation officer and his parents believed he could be adequately dealt with in the juvenile system. While there was general testimony to the effect that drug abuse was a problem in Porter County, there was no evidence of Gast's participation other than the

incident in question.[1] There was no evidence as to the nature to as an animal tranquilizer. There was no evidence regarding Gast's motivations for his action. The evidence disclosed that the police officer had gone to a residence suspected by police of being used in connection with controlled substances. Gast appeared at the residence about 9:15 p.m. and the transfer which formed the basis of the charge ensued. There was no evidence as to whether Gast had been to that residence before.

At the conclusion of the hearing, the court entered the following finding and granted waiver:

"The Court after hearing the testimony finds that it has jurisdiction over the juvenile and the matter before it. The Court also finds that because of the seriousness of the alleged activity, the Juvenile could not be dealt with adequately through the juvenile system. Further the Court finds that the matter before it has prosecutive merit, and, all facts considered, the general welfare of society requires that the State's request for waiver of this Court's jurisdiction be granted."

We find in this case that neither the findings nor the evidence are sufficient to overcome the statutory presumption favoring disposition within the juvenile system. *See, Atkins, supra.*

There was no evidence of any repetitive pattern in Gast's conduct either in terms of prior offenses or other demonstrations of an antisocial attitude. Nor was there any evidence amplifying the seriousness of the particular offense beyond that indicating he was willing to transfer for five dollars .02 gr. of a controlled substance.[2]

---

1. Although there was considerable examination inquiring about Gast's reputation, the only statement not relating to the delivery in question was made by the probation officer. He stated that someone had mentioned Gast's name the day before the waiver hearing. He did not mention the declarant's name or what the supposed connection was.

2. The price was quoted as six dollars, but the officer told Gast he would have to owe him the other dollar.

Upon the evidence produced there was simply no basis upon which the court could conclude that this was a part of a repetitive pattern or upon which it could discern why Gast did what he did. Neither could it determine the dangers of the particular substance involved.

Thus, the decision can be upheld only if we can conclude that the voluntary offering for sale of any substance which falls within the proscription of the Controlled Substances Act is per se such a serious act that waiver is justified without any other consideration.

Without disputing the seriousness of drug abuse, especially among the young, we cannot so hold in this case. Seriousness of the offense as it applies to juvenile law means seriousness such that the court may reasonably infer that the methods and facilities available to the juvenile court system will be unavailing to rehabilitate the offender. Here the evidence disclosed that a youth might sell such a substance for a variety of reasons. Yet nothing indicative of Gast's motive was revealed. The statutory presumption favors juvenile disposition. The burden of proof is upon the state. The evidence adduced was insufficient without something more. *Atkins, supra; Imel* v. *State* (1976), 168 Ind. App. 384, 342 N.E.2d 897; *Duvall* v. *State* (1976), 170 Ind. App. 473, 353 N.E.2d 478; *Clemons* v. *State* (1974), 162 Ind. App. 50, 317 N.E.2d 859, *cert. den.* 423 U.S. 859.

Reversed.

Staton, P.J. and Hoffman, J. concur.

NOTE.—Reported at 361 N.E.2d 934.