**STATE of Indiana ex rel. Randal W. SNELLGROVE, Petitioner,**

v.

**The PORTER CIRCUIT AND JUVENILE COURTS and Raymond D. Kickbush, as Judge of the Porter Circuit and Juvenile Courts and the Porter Superior Court and Jack R. Allen, as Judge of the Porter Superior Court, Respondents.**

No. 777S529.

Supreme Court of Indiana.

March 8, 1979.

Terry E. Johnston, Valparaiso, for petitioner.

Raymond D. Kickbush, William E. Alexa, Valparaiso, for respondents.

PRENTICE, Justice.

This cause is before us upon Relator's petition for an alternative writ of mandate and prohibition addressed to the Porter Juvenile Court, Raymond D. Kickbush as Judge thereof, and to the Porter Superior Court and Jack R. Allen, Judge thereof.

The petition is denied.

The Relator, Randal W. Snellgrove, stood charged, as a juvenile, in the Porter Juvenile Court with acts of delinquency, reference Cause No. 77–JUV–109. On the day following the filing of such charge, a petition for waiver of jurisdiction by the Juvenile Court was filed, counsel was appointed, and following a hearing by the Juvenile Court, an order was entered granting said petition.

The order was valid upon its face, and jurisdiction was thereby waived to the Porter Superior Court.

Thereupon, the Relator, by counsel indicated a desire to appeal the waiver order and requested the Court to advise the Relator of his right to file a Motion to Correct Errors and to appeal from an adverse ruling thereon. Said motion was overruled, and pursuant to the waiver order, an information for commission of a Felony While Armed was filed against the Relator in the Porter Superior Court under Cause No. 77–PSCr–110. Relator's motion to reconsider the last mentioned ruling of the Juvenile Court was overruled, and leave was granted to seek the Writ aforementioned, to mandate the Juvenile Court to permit the direct appeal and to prohibit the Superior Court from proceeding in the criminal action.

It is the Relator's position that a direct and immediate appeal from the grant of a waiver order is necessary and desirable; and he points out that neither this Court nor our Court of Appeals has heretofore questioned its jurisdiction to decide a direct appeal of a waiver order.

We agree that the grant of a waiver order is directly appealable under Ind.Code § 31–5–7–22 (Burns 1975) and under Appellate Rule 4(A). We do not agree, however, that there is a right to an immediate appeal. We find no Indiana authority upholding a claim of right to such immediate review; and, although with knowledge that both this Court and the Court of Appeals has, on occasions entertained independent

appeals from waiver orders,[1] we do not find where the issue has been heretofore litigated. It is our view that an appeal from a waiver order, valid upon its´ face, must abate pending a final determination of the criminal prosecution authorized by the waiver.

We recognize that, as asserted by Respondent, an immediate appeal would be desirable as a protection of the juvenile's right to the benefits of the juvenile justice system. However, as in other judicial endeavors, the right of the juvenile to such benefits must be determined in context. A balancing of interests is required.

The considerations relative to waiver orders was set forth in *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320, and subsequently clarified in *Atkins et al. v. State* (1972), 259 Ind. 596, 290 N.E.2d 441. Implicit in the waiver statute, Ind.Code § 31–5–7–14 (Burns 1975), in *Summers v. State, supra,* and in the cases following *Summers,* is the acknowledgement of a presumption in favor of dealing with juveniles within the juvenile system. Also implicit therein, however, is the recognition that such presumption is rebuttable and that society, as well as the juvenile, has a stake in the proceedings.

The *parens patriae* doctrine should never cease to shelter those entitled to its benefits and, as suggested in *Kent v. United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, procedural arbitrariness could effectively render it impotent. However, the requirements of waiver due process are now well delineated; and being faced with the necessity of making a "balancing of interests" judgment, we must assume that the juvenile judges will endeavor to administer the doctrine in a just and judicial manner rather than assume that they will neglect or abuse their trust.

When we consider the informality of the waiver proceedings, the existing body of waiver case law, the broad discretion vested in the juvenile judges, their position as *parens patriae,* and their sophistication, it appears that reversible error will be a rarity and, that when it does occur, it will most likely appear upon the face of the record. In that event, the jurisdiction of the criminal court is subject to attack and, if necessary, the mandate and prohibition jurisdiction of this Court can be invoked without occasioning unreasonable delay. The *parens patriae* doctrine has no reciprocal, however, and experience tells us that while the Juvenile Court is functioning under that concept, the juvenile, all too often, is operating as an adversary and not in the least loath to abuse the very procedures designed to protect him. To defer prosecutions pending an appellate determination of the bona fides of Juvenile Court waivers would, almost certainly, engender a rash of unmeritorious appeals. Obviously, the likelihood of an appeal would increase in direct proportion with the callousness of the juvenile, the seriousness of the offense charged, and the more prosecutive merit shown.

The detriment to society, and in many instances to the juvenile appellant himself, that would flow from the abuses that would follow a decision to entertain immediate direct appeals of such orders, so greatly outweighs the potential for benefit therefrom, as to require that appellate review, in such cases, await the final determination of the criminal action.

The petition is denied.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

The majority opinion accepts as it must that an order of the juvenile court waiving jurisdiction and transferring a case to the adult criminal court is an appealable one. Ind.Code § 31–5–7–22 so provides:

1. The following citations: *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320; *Duvall v. State* (1976), Ind., 353 N.E.2d 478; *State v. Jump* (1974), 160 Ind.App. 1, 309 N.E.2d 148; *Ingram v. State* (1974), 160 Ind.App. 188, 310 N.E.2d 903; *Imel v. State* (1976), Ind.App., 342 N.E.2d 897; *Cartwright v. State* (1976), Ind. App., 344 N.E.2d 83; *Gast v. State* (1977), Ind. App., 361 N.E.2d 934.

"An appeal may be taken in juvenile cases from any final order or judgment of the juvenile court in the manner provided by law for appeals in criminal cases from circuit or criminal court." [1]

This statute is clear and unambiguous. First, it embodies the conclusion that a waiver order is a final order and that a juvenile has an interest in being kept within the juvenile system which is of sufficient nature to be cognizable in an appeal. Second, it represents that the competing interests of the State and the juvenile have been weighed and balanced and the conclusion reached that procedural protections and appeal rights be extended to the juvenile who is waived to adult criminal court on the same basis and to the same extent as they are extended to those who are convicted of a crime and sentenced in the adult criminal court. It is inescapable that the accused upon conviction in adult criminal court is entitled to an immediate appeal, and, therefore, it is likewise inescapable that the juvenile, by reason of this statute, upon being subjected to waiver is entitled to an immediate appeal. Moreover, to relegate the juvenile to an appeal of the waiver order after conviction or acquittal is to stultify the right to appeal promised in the statute. At that late point in time, after a public trial or hearing, injury and prejudice to the juvenile from a wrongful waiver is irreparable. The right to appeal was granted by the statute to prevent that result. And finally, I believe that there is sufficient resilience in our court system and its officers at all levels to carry out the legislative program envisioned in the governing statute quoted above.

I would therefore grant the writ.

---

1. This provision has been retained in Ind.Code § 31–6–7–17 to become effective October 1, 1979, as follows:

"Appeals may be taken from any final order of the court under the Indiana Rules of Trial Procedure, the Indiana Rules of Criminal Procedure, or the Indiana Rules of Appellate Procedure."