Frank E. DAUGHERTY, Appellant,

v.

STATE of Indiana, Appellee.

No. 48S00–8607–CR–651.

Supreme Court of Indiana.

Aug. 28, 1987.

John Richard Walsh II, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was originally charged with Attempted Murder, a Class A felony. The State reduced the charge to Attempted Voluntary Manslaughter, a Class B felony, to which appellant entered a plea of guilty. Following an evidentiary hearing, the trial judge sentenced appellant to twenty (20) years imprisonment.

On the evening of the attack, appellant and Betty Rinker Austin sat quietly in Monty's Bar in Chesterfield, Indiana. After awhile, they left and went to appellant's automobile. As Austin entered the vehicle, appellant suddenly, without provocation, attacked her with a knife. She was severely slashed about the face, body and hands. Her injuries required hospitalization and resulted in permanent damage.

Appellant's sole contention is that the trial judge abused his discretion in sentencing him to the maximum provided by the statute. Appellant was sentenced to ten (10) years enhanced by ten (10) years because of "the unexplained ferocity and severity of the injuries inflicted on the victim in this case and the fact that the imposition of a lesser offense would depreciates [sic] the seriousness of the offense."

Appellant takes the position that the trial court did not give proper weight to the testimony of Dr. Grosz, a psychiatrist, with twenty years of experience on the faculty of the Indiana University School of Medicine and a former consultant to both the Indiana Department of Correction and the Indiana Department of Mental Health. Dr. Grosz testified that, in his opinion, appellant was not a person prone to violence. It was his opinion that appellant was in all likelihood in a state of alcohol-induced amnesia at the time of the offense and that he was not engaged in a conscious attempt to cover up his participation in the incident.

■ Before sentencing appellant, the trial judge conducted a lengthy hearing where he heard testimony from the investigating officers, from the victim and from the appellant and members of his family, in addition to the testimony of Dr. Grosz. The decision as to whether to increase or decrease the sentence for a crime because of aggravating or mitigating circumstances rests in the discretion of the trial court. *Gary v. State* (1984), Ind., 471 N.E.2d 695; *Galmore v. State* (1984), Ind., 467 N.E.2d 1173. This Court will not disturb a sentence if it is within the bounds of the sentencing statute unless the sentence is manifestly unreasonable in light of the offense and character of the defendant. *Bryan v. State* (1982), Ind., 438 N.E.2d 709.

■ The evidence in this case indicates a wholly unprovoked attack upon the victim. The wounds inflicted were extraordinarily severe. The victim's survival of the attack was not because of its lack of intensity. Notwithstanding Dr. Grosz's qualification, the trial judge was not bound to accept the doctor's conclusion that appellant was "not a person prone to violence."

There is ample evidence in this record to support the trial judge's enhancement of the sentence. We see no reason to override that judgment.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.