Denise **THOMAS**, Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 45A03–8907–CR–279.

Court of Appeals of Indiana,
Third District.

Nov. 1, 1990.

Marce Gonzalez, Jr., Appellate Div., Crown Point, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Denise Thomas (Thomas) was found guilty by a jury of murder and felony murder. The events leading to Thomas' conviction began on May 14, 1985, when she and three friends, Paula Cooper, Karen Corder, and April Beverly devised a scheme to rob an elderly neighbor, Ruth Pelke (Pelke). Thomas and her accomplices gained entrance to the home through the ruse of obtaining information about Bible classes. Once inside the home, Pelke sustained fatal injuries when she was pushed to the floor and repeatedly stabbed and struck on her head with a vase. After the murder, the girls searched Pelke's home. They took money and a car which aided their escape.

Because Thomas was 14 years old when she participated in the robbery and murder, the juvenile court in a waiver hearing held on June 28, 1985 transferred jurisdiction of Thomas' case to Lake County Criminal Court. On July 5, 1985, the state filed an information charging Thomas on two counts: murder and felony murder. Jury trial began on September 9, 1985. However, it ended in a mistrial. The retrial commenced on November 4, 1985 and the jury returned a guilty verdict on both the murder and felony murder charges. At sentencing, the court imposed a reduced sentence of 35 years on only the felony murder charge. After the denial of Thomas' motion to correct errors, this direct appeal was initiated.

### ISSUES

Thomas presents for our review five issues which we restate as follows:

1. Whether the pre-printed waiver order containing a stamped signature of the judge is sufficient to transfer Thomas to adult criminal court.
2. Whether the evidence produced at trial is sufficient to support the felony murder conviction.
3. Whether the trial court erred when it excluded statements of co-participants after a motion in limine.
4. Whether the trial court erred when it excluded statements of co-participants at the sentencing hearing.
5. Whether the co-participants' statements are newly discovered evidence which warrant a new trial.

### DISCUSSION AND DECISION

 The Indiana legislature and courts have examined juvenile court proceedings to ensure that procedures are established and not exercised in a procedurally arbitrary manner. *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320, 326; IC 31–6–1–1 *et seq.* Unlike criminal proceedings, juvenile proceedings are of a general civil nature. The burden upon the state is to establish by a preponderance of the evidence that juvenile jurisdiction should be waived. *In the Matter of Tacy*

(1982), Ind.App., 427 N.E.2d 919, 922. Because of the critical importance of determining whether certain juveniles are beyond the rehabilitative philosophy and resources of the juvenile system, the waiver hearing requires procedural regularity sufficient to satisfy the basic requirements of due process and fair treatment. *Kent v. United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84; *Summers, supra,* 230 N.E.2d at 326.

*Issue I: The Waiver Order*

Thomas was waived to adult criminal court pursuant to IC 31–6–2–4(c). A presumption in favor of waiver to adult criminal court operates under IC 31–6–2–4(c) when the juvenile is charged with what would be murder if committed by an adult. *Gerrick v. State* (1983), Ind., 451 N.E.2d 327; *Trotter v. State* (1981), Ind., 429 N.E.2d 637. The court must find that:

(1) the child is charged with an act that would be murder if committed by an adult;

(2) there is probable cause to believe that the child has committed the act; and

(3) the child was ten (10) years of age or older when the act charged was allegedly committed;

unless it would be in the best interests of the child and of the safety and welfare of the community for the child to remain within the juvenile justice system. IC 31–6–2–4(c).

 Thomas challenges the waiver order because it is a "fill-in-the blank" preprinted form containing a stamped signature of the judge. We disagree with Thomas' facial attack of the waiver order and hold that the findings of fact and record support Thomas' waiver to adult criminal court.

 When reviewing a claim of the sufficiency of a waiver order, we will not weigh the evidence or judge the credibility of witnesses. We look only to the evidence most favorable to the state and reasonable inferences to be drawn therefrom, considering both the waiver hearing and the findings of fact given by the court. *Goad v. State* (1987), Ind., 516 N.E.2d 26, 27;

Smith v. State (1984), Ind., 459 N.E.2d 355, 360; McDowell v. State (1983), Ind., 456 N.E.2d 713, 715. Furthermore, the waiver order and record must allow a meaningful review which is not based on assumptions about the state of mind of the judge. Cartwright v. State (1976), 168 Ind.App. 517, 344 N.E.2d 83, 87. We recognize that conclusory statements or mere recitation of statutory requirements without further explanation will not suffice. Duvall v. State (1976), 170 Ind.App. 473, 353 N.E.2d 478, 480. We have held pro forma waiver orders which merely recite pre-defined standards derived from the statute or cases or orders supported only by a prosecutor's opinion to be insufficient. Cartwright, supra, 344 N.E.2d at 86; Atkins v. State (1972), 259 Ind. 596, 290 N.E.2d 441, 443.

However, Thomas' waiver order, although reciting statutory standards, is supported by a record which demonstrates that the court made a conscientious determination that the case should not be handled in the juvenile system. A juvenile judge may not be relieved of its duty to independently and conscientiously determine the appropriateness of waiver. Duvall, supra. In Thomas' case, the record demonstrates that her due process rights were accorded during the waiver hearing. The record shows that the juvenile court contemplated the evidence that Thomas was charged with murder and felony murder, that probable cause existed, and that she was 14 years old when the crime was committed. This is all that is required for waiver pursuant to IC 31–6–2–4(c).

Thomas next alleges that the juvenile judge failed to find facts pursuant to IC 31–6–2–4 because a stamped signature rather than the handwritten signature of the judge appears on the waiver order accompanied with the court clerk's initials underneath the signature imprint.

■ As we stated in Ashwell v. Miller (1913), 54 Ind.App. 381, 103 N.E. 37, "[A] signing or subscribing may legally be done by another for the party to such instrument, if done at his request, and ... it may be done with pen and ink, pencil, stamp, stencil, typewriter or type...." James v.

State ex rel. Com'r. of Motor Vehicles (1985), Ind.App., 475 N.E.2d 1164, 1166. The signature, however affixed, is clothed with a presumption that the certifying officer stamped it as his signature or that it was stamped with his authority, unless the record affirmatively shows evidence to the contrary. James, supra, at 1166. We find the juvenile referee's and court reporter's similar testimony stating that they did not discuss the evidence of the waiver hearing with the juvenile judge insufficient to rebut this presumption.

■ Furthermore, we find the juvenile judge has authority to delegate some of the findings of fact responsibilities to a juvenile referee. This limited authority is consistent with IC 31–6–9–2, which provides:

A court juvenile referee shall perform duties assigned to him by the court. He shall submit his findings and recommendations in writing to the juvenile court, which shall enter such order as it considers proper.

IC 31–6–9–2 balances the heavy burden of juvenile court caseloads against the sole authority of the juvenile judge to find facts in juvenile proceedings which results in the delegation of court responsibilities to juvenile referees. In Thomas' case, the juvenile referee presided over the waiver hearing and proposed findings of fact which the juvenile judge subsequently adopted consistent with IC 31–6–9–2.

Issue II: Sufficiency of the Evidence

Thomas contends that the evidence is insufficient to support the finding that she had the intent to commit robbery, which is the underlying felony for her felony murder conviction. We do not weigh the evidence or judge the credibility of witnesses to determine whether the evidence supports the conclusion that defendant was guilty beyond a reasonable doubt. We consider only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. Martinez Chavez v. State (1989), Ind., 534 N.E.2d 731, 738.

■ In proving felony murder, the state need show only that defendant intended to commit the underlying felony.

*Martinez Chavez, supra,* at 738; *Ford v. State* (1988), Ind., 518 N.E.2d 1082, 1084. Additionally, a person may be convicted of felony murder even though it was her accomplice who killed the victim. *Martinez Chavez, supra,* at 735; *Huspon v. State* (1989), Ind., 545 N.E.2d 1078, 1081; *Splunge v. State* (1988), Ind., 526 N.E.2d 977, 982, *cert. denied* — U.S. ——, 109 S.Ct. 3165, 104 L.Ed.2d 1028. An accomplice is a person who aids another person to commit an offense and will be treated as if she committed the same offense. IC 35–41–2–4.

■ Although Thomas contends that she merely witnessed the events and did not participate, we find that there is sufficient evidence to show that she participated in the robbery. At trial, the evidence revealed that Thomas was present at April Beverly's porch when the girls devised their plan to rob Pelke. Thomas heard Cooper's statement that she would "rob and beat up the old lady." The state presented testimony of a cellmate of Thomas' which revealed that she admitted going to Pelke's house to rob her. Thomas' fingerprints were found on the vase used to kill Pelke and there was evidence that Thomas operated the garage door opener to aid the girls' escape. This evidence reveals more than mere acquiescence on the part of Thomas and is sufficient to show that Thomas had the requisite intent to rob Pelke to support the felony murder conviction.

*Issue III: Exclusion of Co–Participants' Statements in the Motion in Limine*

Thomas contends that the trial court erred at a hearing on a motion in limine when it excluded the statements of Karen Corder and Paula Cooper. Karen Corder stated, "Then Paula picked up a vase with a flower inside it and started to hit the lady over the head. Then the lady said you don't want to kill me and then Paula did not say anything as she kept hitting her over the head. The lady was sitting up trying to hold her head as she was being hit. Then Paula said that the vase was not

going to kill the lady so she grabbed the knife." Cooper's statement admitted to hitting Pelke over the head with a vase.

■ However, we cannot reach the merits of Thomas' argument because the question was not preserved for appeal. Thomas refers only to the court's ruling on the motion in limine. Thomas failed to offer these statements at trial and obtained no final ruling on the evidence at trial. A ruling on a motion in limine is not a final ruling on the admission of evidence and preserves no issue for appeal. In order to preserve any error for appeal regarding the granting of a motion in limine, the evidence which is the subject of the motion must be offered and excluded at trial. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102–03; *Shaw v. State* (1986), Ind., 489 N.E.2d 952, 954; *Green v. State* (1984), Ind., 469 N.E.2d 1169, 1173.

*Issue IV: Exclusion of Co–Participants' Statement at Sentencing*

■ Thomas challenges the judicial process by which the sentence was determined because the trial court excluded Cooper's and Corder's statements. In determining an appropriate sentence, all circumstances of the particular crime and the background of the individual offender should be considered. *United States v. Harris* (7th Cir.1977), 558 F.2d 366, 372. "Strict rules of evidence do not apply in sentencing hearings, and hearsay evidence ... is admissible." *Lasley v. State* (1987), Ind., 510 N.E.2d 1340, 1342. The rationale for the relaxation of evidentiary rules at sentencing is that in a trial the issue is whether a defendant is guilty of having engaged in certain criminal conduct. Rules of evidence narrowly confine the trial contest to evidence that is strictly relevant to the crime charged. At sentencing, however, the evidence is not confined to the narrow issue of guilt. The task is to determine the type and extent of punishment. This individualized sentencing process requires possession of the fullest information possible concerning the defendant's life and characteristics. *Williams v. New York*

(1949), 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337.

However, the relaxation of evidentiary rules does not necessarily require that judges admit hearsay evidence. Reliance upon hearsay in assessing punishment is not per se improper. *Williams v. Oklahoma* (1959), 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516; *Harris, supra; Sales v. State* (1984), Ind.App., 464 N.E.2d 1336. However, this is not to suggest hearsay is always proper. *Harris, supra*, at 373. We must strike a balance between generally allowing hearsay information regarding defendant's life and insuring that a defendant is not sentenced on invalid information. *Harris, supra*, at 373. In fact, reliance upon improper or inaccurate information in making the sentencing determination undermines the fairness of the sentencing process. *United States v. Tucker* (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; *Townsend v. Burke* (1948), 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; *Harris, supra*.

 The state objected to the introduction of these hearsay statements because of their unreliable nature. We agree that Cooper's and Corder's co-participation in the crime raises a question of reliability and thus the trial judge did not abuse his discretion in excluding these suspect statements. Also, we fail to see how Thomas was prejudiced by the exclusion of this testimony at sentencing. We find the statements do not necessarily mitigate Thomas' culpability in the felony murder conviction. Cooper's statement expressly showed Thomas' active participation in the robbery.

 The decision to increase or decrease a criminal sentence rests in the discretion of the trial court. A sentence will not be disturbed if it is within the bounds of the sentencing statute unless sentence is manifestly unreasonable in light of the offense and the character of defendant. *Daugherty v. State* (1987), Ind., 511 N.E.2d 1070, 1071. Thomas received a mitigated sentence of 35 years and the introduction of this evidence would not have necessarily reduced her sentence five more years. Thomas' sentence is within the bounds of the sentencing statute and will remain undisturbed on appeal. IC 35–50–2–3.

*Issue V: Newly Discovered Evidence*

 Thomas contends that the trial court erred at the motion to correct errors hearing when it failed to admit Cooper's and Corder's guilty plea as newly discovered evidence. In *Francis v. State* (1989), Ind., 544 N.E.2d 1385, 1386–87, our supreme court delineated the test regarding newly discovered evidence. The defendant must show that the evidence (1) has been discovered since the trial; (2) is material and relevant; (3) is not cumulative; (4) is not merely impeaching; (5) is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) is worthy of credit; (8) can be produced on a retrial of the cause; and (9) it will probably produce a different result. *Dowler v. State* (1989), Ind., 547 N.E.2d 1069, 1072. A ruling concerning a claim of newly discovered evidence is within the discretion of the trial judge and an abuse of discretion must be shown. *Hammers v. State* (1987), Ind., 502 N.E.2d 1339, 1345.

 We find that the evidence Thomas offers does not satisfy the requirement of newly discovered evidence. First, this testimony would not have produced a different result. In *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105, our supreme court defined the test as "If the omitted evidence, when revealed, creates reasonable doubt that did not otherwise exist, then it is probable that a different verdict would have been returned had such evidence been presented." 398 N.E.2d at 1268. Cooper's and Corder's statements are similar to Thomas' trial testimony. The nature of Cooper's and Corder's statements is cumulative and impeaching rather than exculpatory as Thomas contends. Furthermore, the credibility of these two statements are suspect because Cooper and Corder are co-participants in the crime.

Accordingly, we find the waiver order sufficient to transfer Thomas to the Lake County Criminal Court. Further, we find

no errors in the criminal trial proceedings and uphold Thomas' conviction and sentence of murder and felony murder.

Affirmed.

HOFFMAN, P.J., and CHEZEM, J., concur.