BRADFORD, Judge,
concurring in part and dissenting in part.
I fully concur with the majority that Garcia’s sixty-six month sentence is not inappropriate, but because I believe that the State presented evidence sufficient to support an order of restitution, I respectfully dissent in part. Under the circumstances of this case, where the amount of restitution is not disputed and was reported in documents of sufficient reliability that were made part of .the record,. I would affirm the trial court’s order of restitution.
Garcia contends that the trial court’s order that he pay restitution to Bowman of $3600.00. is not supported by the evidence. It is undisputed that the only basis on which the trial court could have ordered restitution is the probable cause affidavit for Garcia’s arrest in this case, which was attached to Garcia’s pre-sentence investigation report. Without contesting the accuracy of the probable cause affidavit or the amount of Bowman’s loss, Garcia made the bald assertion at sentencing, and now on appeal, that the affidavit is insufficient to support a restitution order. The State counters that it was appropriate for the trial court to rely on the probable cause affidavit. I agreé with the State.
Indiana Rule of Evidence 101(d)(2) specifically provides that the Rules of Evidence do not apply in sentencing hearings. We have made the following observations about sentencing in general, of which the consideration of restitution is a part:
In determining an appropriate sentence, all circumstances of the particular crime *1254 and the background of the individual offender should be considered. United States v. Harris (7th Cir.1977), 558 F.2d 366," 372. “Strict rules of evidence do not apply in sentencing hearings, and hearsay evidence ... is admissible.” Lasley v. State (1987), Ind., 510 N.E.2d 1340, 1342. The rationale for the relaxation of evidentiary rules at sentencing is 'that in a trial the issue is whether a defendant is guilty of having engaged in certain criminal conduct. Rules of evidence narrowly confine the trial contest to evidence that is strictly relevant to the crime charged. At sentencing, however, the evidence is not confined to the narrow issue of guilt. The task is to determine the type and extent, of punishment. This individualized sentencing process requires possession of the fullest ' information possible concerning the defendant’s life' and characteristics. Williams v. New York (1949), 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337.
Thomas v. State, 562 N.E.2d 43, 47-48 (Ind.Ct.App.1990).
As for restitution in particular';Indiana Code section 35-50-5-3 governs restitution orders and provides, in part, that '
in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim’s estate, or the family of a victim who is deceased. . The court shall base its restitution order upon a consideration of:. ■ :
(1) property damages of the victim incurred as a result of the crime, based on the actual cost of-repair (or replacement if repair is inappropriate^.] ■' • .
The amount of proof necessary to support a restitution order varies from case to case. For instance, when establishing the damage to property or value of property stolen, a higher level of .proof might be required than has been produced in this case. But in this matter, the victim’s loss was the United States currency paid for the fake coins, an easily definable loss not subject to a valuation attack.
Although the restitution statute is silent on the types of material open to consideration, it certainly does not limit it to evidence that would be admissible in a trial used to determine guilt or innocence. We have held that “[e]vid.ence supporting a restitution order is sufficient ‘if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.’ ” S.G. v. State, 956 N.E.2d 668, 683 (Ind.Ct.App.2011) (quoting T.C. v. State, 839 N.E.2d 1222, 1227 (Ind.Ct.App.2005)), ’trans. denied, Setting Garcia’s restitution to Bowman based on a specific amount included in the probable cause affidavit, which amount was told to The affiant, is-not resorting to speculation or conjecture. I would hold that under the circumstances of this case, a probable cause affidavit whose authenticity and accuracy have not been questioned, much less shown to be suspect,[7] may be considered by the trial court in ordering restitution.
*1255 I am also concerned about the public policy of requiring the sorts of evidence Garcia seems to advocate, ie., requiring the victim to appear at sentencing or file an affidavit of loss in potentially every restitution case would be an unacceptable burden on crime victims, many of whom have already taken the time and trouble to appear at a trial and/or participate in a police investigation. Depending on the circumstances, appearing at a sentencing hearing may also be very traumatic for the victim. This strikes me as unnecessary and unwarranted re-victimization.
Moreover, requiring what in many cases would be the collection and presentation of additional evidence is, in my view, an unacceptable burden on the Indiana criminal justice system. In 2014, 204,708 criminal cases were filed in Indiana, accounting for an unknown, greater number of total criminal charges,[8] many of which could give rise to a restitution order. Division of State Court Admin., SupReme Court of Ind., ’ Ind. Judicial Serv, Éeport 71 (2015). Just as lam unwilling to further burden victims, I am unwilling to unnecessarily further burden Indiana’s trial judges, prosecutors, defense Attorneys, and court staff.
Because I would affirm the trial court’s restitution order, I respectfully dissent in part.

. Although generally prepared by police officers, there is absolutely no basis on which to conclude that probable cause affidavits are inherently suspect, despite some Indiana authority to that effect. Indeed, an affidavit intended . to provide - the probable cause to hold a person to answer for a crime must be submitted in writing or orally and—significantly and in contrast to, say, a police investigative report—under oath and penalty of per *1255 jury. See Ind.Code §§ 35-33-7-2; 35-33-5-2(c). Moreover, under Indiana and federal law, "a probable'cause affidavit must include all material facts, which are those facts that ‘cast doubt on the existence of probable cause.’ ” Ware v. State, 859 N.E.2d 708, 718 (Ind.Ct.App.2007), trans. denied.

. For purposes of compiling statistics on court activity for the Indiana Judicial Service Report, "[i]f a defendant is charged with multiple offenses, the case is counted only one time under the most serious charge,” Division of State Court Admin'., Supreme Court of - Ind., Ind. Judicial Serv. Report 64 (2015).'