STATE of Indiana, Appellant,

v.

Greg GORZELANNY, Jr., Appellee.

No. 3–284A38.

Court of Appeals of Indiana,
Third District.

Sept. 27, 1984.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

James V. Tsoutsouris, Valparaiso, for appellee.

STATON, Presiding Judge.

The State appeals a juvenile court order dismissing the State's Petition for Waiver and Petition Alleging Delinquency filed against Greg Gorzelanny, Jr. (Greg). The State raises two issues:

(1) Whether the juvenile court abused its discretion by dismissing the waiver petition; and

(2) Whether the juvenile court improperly dismissed the State's delinquency petition after a hearing on only the waiver petition.

■ We affirm the juvenile court on the dismissal of the waiver petition, but reverse and remand on the dismissal of the delinquency petition.[1]

On August 25, 1983, Greg and a friend, Mark, were horseplaying in the office of Greg's father's automobile dealership. Two other friends were watching. Greg had taken a gun from a desk drawer and, believing it was unloaded, fired it three times. On the first two times the gun dry-fired, but on the third time it went off, killing Mark.

The State filed a delinquency petition pursuant to IC 1979 31–6–4–9 (Burns Code Ed.) and a waiver petition pursuant to IC 1981 31–6–2–4 (Burns Code Ed., Supp.1984) charging Greg with reckless homicide.[2] The court ordered dismissal of the waiver petition after a hearing. The court said that it was in the best interests of Greg and the community for the juvenile system to retain jurisdiction.[3] In that same order, and without a separate hearing, the court dismissed the delinquency petition.

### 1.

### Petition for Waiver

■ The State contends that the juvenile court improperly dismissed the waiver petition because Greg failed to show he was not a danger to the community. The waiver statute (IC 31–6–2–4) has been interpreted by the Indiana Supreme Court to create a presumption of waiver if the State satisfies the statutory prerequisites that the act charged would be a specified crime if committed by an adult, that the child is of a certain minimum age, and that probable cause exists to believe the child committed the act. *Partlow v. State* (1983), Ind., 453 N.E.2d 259, 266 *cert. denied*, —— U.S. ——, 104 S.Ct. 983, 79 L.Ed.2d 219 (1984); *Gerrick v. State* (1983), Ind., 451 N.E.2d 327, 330; *Trotter v. State* (1981), Ind., 429 N.E.2d 637, 642; *see generally* IC 31–6–2–4.[4] Once these prerequisites are met, however, the juvenile court still retains discretion to keep the child in the juvenile system. *McDowell v. State* (1983), Ind., 456 N.E.2d 713, 715; *Trotter v. State, id.; see generally* IC 31–6–2–4(d) *supra* at note 4. Our standard of review of a court's exercise of its discretion is to reverse only if the decision is clearly against the logic and effect of the facts of the case. *Condon v. Patel* (1984), Ind.App., 459 N.E.2d 1205, 1207. Assuming that the State established the prerequisites for waiver,[5] we will review the dismissal of the waiver petition only for an abuse of discretion.

■ Greg presented testimony from two clinical psychologists, a juvenile court probation and intake officer, and a social worker with a prisoner outreach program to show that it was in his best interest and in the best interest of the community for the juvenile court to retain jurisdiction. One psychologist testified on the basis of his extensive experience with either the juvenile system, the adult system, or both.

1. Greg raises the issue of this Court's jurisdiction. We note here that we have jurisdiction under IC 1979 31–6–7–17 (Burns Code Ed.) and Ind.Rules of Trial Procedure, Appellate Rule 4(A).

2. IC 1980 35–42–1–5 (Burns Code Ed., Supp. 1984). *See also* IC 31–6–2–4(d) at note 4, *infra*.

3. The court also ruled that the State did not establish probable cause to believe Greg committed reckless homicide. (*See* IC 31–6–2–4(d) at note 4, *infra*). We will not address the probable cause issue because it is not dispositive in this case.

4. IC 31–6–2–4 provides in pertinent part:
   "(d) Except for those cases in which the juvenile court has no jurisdiction in accordance with section 1(d) [31–6–2–1(d)] of this chapter, the court *shall* upon motion of the prosecutor and after full investigation and hearing, waive jurisdiction if it finds that:
   (1) The child is charged with an act that, if committed by an adult, would be:
   (C) Reckless homicide as a class C felony under IC 35–42–1–5;
   (2) There is probable cause to believe that the child has committed the act; and
   (3) The child was sixteen [16] years of age or older when the act charged was allegedly committed; *unless* it would be in the best interests of the child and of the safety and welfare of the community for him to remain within the juvenile justice system."
   IC 31–6–2–4(d) (emphasis supplied).

5. *See* note 3, *supra*.

The psychologists also based their testimony on having given Greg an extensive battery of tests and many hours of counseling. The State contends that this evidence is too speculative for the juvenile court to consider as proof of Greg's lack of danger to the community. On review, however, we do not reweigh the evidence or judge the credibility of witnesses. *Mishawaka Brass Mfg. v. Milwaukee Valve Co.* (1983), Ind. App., 444 N.E.2d 855, 857, *trans. denied.* In addition, the juvenile court is entitled to give whatever weight it deems appropriate to testimony concerning the best interests of the child and the community. *McDowell v. State* (1983), 456 N.E.2d at 715; *Trotter v. State* (1981), 429 N.E.2d at 642. With this in mind it is clear the logic and effects of these facts support a decision that Greg was not a danger to the community and that the community's interests were best served with Greg in the juvenile court. There was no abuse of discretion; therefore we affirm the juvenile court's dismissal of the State's waiver petition.

### 2.

### Delinquency

The State contends that the juvenile court improperly dismissed the delinquency petition without holding a separate fact-finding hearing pursuant to IC 1979 31-6-4-14 (Burns Code Ed.). We agree.

A hearing on a waiver petition is not an adjudication of delinquency. It determines only the jurisdiction of the juvenile court. Delinquency must be adjudicated in a separate hearing. *Partlow v. State* (1983), 453 N.E.2d at 264; *Jonaitis v. State* (1982), Ind.App., 437 N.E.2d 140, 142 (Staton, J. dissenting on other grounds) *trans. denied; see generally* IC 1979 31-6-4-13(g) and (i) (Burns Code Ed.) and IC 31-6-4-14. We therefore reverse that part of the juvenile court's order dismissing the State's delinquency petition and remand for further proceedings consistent with this opinion.

HOFFMAN and GARRARD, JJ., concur.