563 N.E.2d 1318 (1990)
In the matter of S.W.E., Juvenile-Appellant,
v.
STATE of Indiana, Petitioner-Appellee.
No. 20A03-8908-JV-365.
Court of Appeals of Indiana, Third District.
December 18, 1990.
*1319 John R. Frechette, Elkhart, for juvenile-appellant.
Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for petitioner-appellee.
GARRARD, Justice.
S.W.E. appeals the Elkhart Circuit Court-Juvenile Division's certified interlocutory order which transferred juvenile jurisdiction to adult criminal court. On two separate occasions, S.W.E.'s use of alcohol and drugs resulted in juvenile court proceedings.
On April 19, 1989, S.W.E. at age 16 was adjudicated a delinquent for the illegal consumption of alcohol by a minor. For this status offense, S.W.E. was placed on six months' probation. Also in April 1989, S.W.E. was charged with delinquency in having committed what constituted a class A felony, delivery of a schedule I controlled substance, IC XX-XX-X-X. After hearing the court determined that he should be tried as an adult. This interlocutory appeal challenges the decision to waive juvenile jurisdiction.
*1320 S.W.E. and Jeff Burnham (Burnham) were students at Concord High School in Elkhart, Indiana. While on school grounds, S.W.E. and Burnham found a cellophane wrapper containing L.S.D. At this time, S.W.E. retained possession of the L.S.D. and gave a portion to Burnham. The next day before leaving on a school sponsored trip to Arsenal Technical High School in Indianapolis, Indiana, S.W.E. provided Burnham with two more "hits" while in the school parking lot.
After arriving in Indianapolis, Burnham ingested one "hit." Burnham experienced convulsions and a severe reaction to the L.S.D. Witnessing Burnham's reaction, S.W.E. "panicked" and "ran" to the bathroom flushing the remaining L.S.D. down a toilet.
S.W.E. was placed in juvenile detention on April 24, 1989 and released for evaluation of his drug and alcohol use to the Koala Center. S.W.E. successfully completed the Koala Center program on June 5, 1989. On June 12, 1989 a waiver hearing was held and the state filed the delinquency petition on June 14, 1989. The next day, a motion for waiver of juvenile jurisdiction to adult criminal court was filed. Hearing was held on July 12 and the juvenile referee made his recommendation on July 26, 1989. The juvenile judge signed the order on March 15, 1990.

Issues
We rephrase the issues that S.W.E. presents as follows:
1. Whether the juvenile court failed to acquire jurisdiction because it did not comply with the statutory procedural requirements of IC 31-6-4-7 through 9.
2. Whether the juvenile court erred when it transferred S.W.E. to adult criminal court because the juvenile judge failed to sign the waiver order.
3. Whether the juvenile court erred when it transferred S.W.E. to adult criminal court because the waiver order improperly cited the statutory provision used as the basis of waiver.
4. Whether the juvenile court erred when it transferred S.W.E. to adult criminal court because the waiver decision was not supported by sufficient evidence.
5. Whether juvenile court erred when it transferred S.W.E. to adult criminal court because pursuant to local rule 14(3) the prosecutor drafted the waiver order.
Consistent with the United States and the Indiana Supreme Court's scrutiny of juvenile court proceedings, the Indiana legislature enacted procedures to ensure that juveniles are provided due process and fair treatment within juvenile adjudicatory proceedings. IC 31-6-1-1 et seq.; Kent v. United States (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84; Summers v. State (1967), 248 Ind. 551, 230 N.E.2d 320. Juvenile jurisdiction is exclusive and unless preliminary statutory procedural steps are taken, jurisdiction is not established. IC 31-6-4-7 through 9. If jurisdiction is not obtained, then it cannot be waived to adult criminal court. Summers, supra.

Issue I: Whether juvenile court failed to acquire jurisdiction.
S.W.E. alleges three procedural errors in acquiring juvenile jurisdiction over him: (1) juvenile court failed to approve the filing of the delinquency petition, (2) intake officer failed to provide a recommendation, and (3) the prosecutor filed a delinquency petition without considering preliminary inquiry.
In Collins v. State (1989), Ind. App., 540 N.E.2d 85, 86, we summarized the overall procedural steps to acquire juvenile jurisdiction as codified in IC 31-6-4-7 through 9:[1]
After receiving information concerning a delinquent act, the prosecutor instructs the intake officer to make a preliminary inquiry to determine if the interests of the public or the child require further *1321 action. IC 31-6-4-7(a). When the intake officer makes this determination, he sends a written copy of his inquiry report to the prosecutor. IC 31-6-4-7(e). The inquiry consists of `an informal investigation into the facts and circumstances reported to the court. Whenever practicable, it should include information on the child's background, current status, and school performance.' IC 31-6-4-7(b). Next, the prosecutor or other person representing the State decides whether to file a petition alleging delinquency. After examining the preliminary inquiry and considering probable cause, the court may approve the filing of the petition. IC 31-6-4-9 (Burns Code Ed.Repl. 1987). Then, summons is issued for the child and his parents, guardian, custodian or guardian ad litem pursuant to IC 31-6-7-4 (Burns Code Ed.Repl. 1987). Strict compliance with these steps is required  `noncompliance with the procedural prerequisites precludes the assumption of jurisdiction over a juvenile.' Taylor v. State (1982), Ind., 438 N.E.2d 275, 277, cert. denied (1982), 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998.
We agree that the procedural steps necessary for a juvenile court to acquire jurisdiction of a minor were not followed in the proceedings initiated by the delinquency petition alleging delivery of a controlled substance. Those procedural steps were unnecessary under the circumstances of this case, however, because the juvenile court had already acquired jurisdiction of S.W.E. in the delinquency proceeding that had been initiated over his illegal consumption of alcohol. That proceeding had resulted in an adjudication of delinquency on April 19, 1989 and its validity remains unchallenged.
Pursuant to IC 31-6-2-3 the juvenile court's jurisdiction over any delinquent child continues until the child reaches his twenty-first birthday unless the court before then either discharges the child or awards guardianship of him to the department of corrections. None of those events had occurred when the delinquency petition regarding delivery of a controlled substance was filed and the waiver hearing conducted. Thus, the court already had jurisdiction of S.W.E. and the further proceedings that were held protected his due process rights. There was no failure to acquire jurisdiction.

Issue II: Whether trial court erred in its waiver decision because waiver order was not signed by juvenile judge.
S.W.E. contends that the waiver order is not valid to transfer jurisdiction because only the juvenile referee's signature appears on the waiver order and not the juvenile judge's signature. However, we find the issue is moot.
An issue becomes moot when it is no longer live or the principal question in issue has ceased to be a matter of real controversy between the parties. Roark v. Roark (1990), Ind. App., 551 N.E.2d 865. We will decide moot questions or controversies only when the issue involves great public importance. Perkins v. Kocher (1988), Ind. App., 531 N.E.2d 231; Kaminsky v. Medical Licensing Board of Indiana (1987), Ind. App., 511 N.E.2d 492, 496.
The lack of the juvenile judge's signature was rectified on March 15, 1990 when the juvenile judge signed the waiver order. On March 30, 1990, we resumed jurisdiction.

Issue III: Waiver order improperly cites statutory waiver provision.
S.W.E. next challenges the juvenile court's waiver order because it cites as its basis for waiver IC 31-6-1-4(b), a nonexistent statutory provision. S.W.E. contends that he was misled and proceeded under the assumption that the waiver order was premised on IC 31-6-2-4(b) rather than IC 31-6-2-4(c) as the state contends.
IC 31-6-2-4(b) and IC 31-6-2-4(c) contain similar statutory elements.[2] However, *1322 the state has a stronger burden to waive jurisdiction under IC 31-6-2-4(b) because proof that a juvenile is beyond rehabilitation is required and the presumption is in favor of a juvenile being retained within the juvenile system. We find that this clerical error is technical and not grounds for reversal because S.W.E. fails to show that he was prejudiced in his challenge to the waiver order.
Similar to defects in charging instruments, a waiver order which improperly cites the statutory provision upon which waiver is premised is grounds for reversal only where it prejudices substantial rights of the defendant. Hestand v. State (1986), Ind., 491 N.E.2d 976, 980; Alvers v. State (1986), Ind. App., 489 N.E.2d 83, 86. At the waiver hearing S.W.E. presented substantial evidence on his rehabilitation. S.W.E. contends that his defense was prejudiced because he would not have focused his resources on presenting this rehabilitation evidence. However, we find evidence of rehabilitation is relevant to a determination of what is in the best interest of the child and the safety and welfare of the community. S.W.E. fails to assert any other evidence he was unable to present because of the improperly cited statutory provision. Accordingly, we find no error.

Issue IV: Whether waiver order is supported by sufficient evidence.
S.W.E. next challenges the sufficiency of the evidence to support the waiver order. When reviewing claims alleging insufficient evidence to support waiver, we will not weigh the evidence or judge the credibility of witnesses. We will look only to the evidence most favorable to the state and reasonable inferences to be drawn therefrom, considering both the record of the waiver hearing and the reasons given by the court. Smith v. State (1984), Ind., 459 N.E.2d 355, 360; McDowell v. State (1983), Ind., 456 N.E.2d 713, 715.
Pursuant to IC 31-6-2-4(c), the state was required to show (1) that S.W.E. was charged with a felony under IC 35-48-4, (2) that probable cause existed, (3) that S.W.E. was at least 16 years of age when the act was committed, and (4) that it is in the best interests of the safety and welfare of the community for S.W.E. to stand trial as an adult.
We find that S.W.E.'s waiver order is supported by more than mere recitation of statutory language. Duvall v. State (1976), 170 Ind. App. 473, 353 N.E.2d 478, 480. Although S.W.E. points to the evidence which tends to show his rehabilitative nature, S.W.E. had a prior juvenile delinquency adjudication for consumption of alcohol, anti-social behavior of addiction to both drugs and alcohol, and his abandonment of Burnham shows a callous disregard for human life.
We find that the findings of fact and the record in combination support the waiver order.

Issue V: Whether the juvenile judge made findings of fact as required by IC 31-6-2-4.
Courts have inherent authority to make bindings orders and judgments. *1323 Eakins v. State (1985), Ind. App., 482 N.E.2d 1157. In juvenile proceedings, the juvenile judge has exclusive authority to find facts. IC 31-6-2-4. S.W.E. contends that local rule 14(3) contravenes this exclusive authority of the juvenile judge because it provides that "upon granting of waiver of jurisdiction, the state shall provide the waiver decree embracing all facts which the party claims is [sic] proven and conclusions of law... ." We find that local rule 14(3) is consistent with the delegation and distribution of authority within the juvenile act and the Indiana trial rules.
By its express language, local rule 14(3) does not delegate to the prosecutor the authority to find binding facts. Instead, it allows the prosecutor to propose a waiver order which recites "the facts ... claims is proven." This provision does not bind the juvenile judge or referee to accept these proposed findings.
In recognition of the heavy caseload which burdens the juvenile courts, the act allows some delegation of court responsibilities. Juvenile referees are provided a limited authority to propose facts to the juvenile judge for adoption. IC 31-6-9-2. However, a referee may act only as an instrumentality to assist the court in its fact finding and has no authority to exercise exclusive duties of the court.
Also, juvenile proceedings are of a general civil nature. In the Matter of Tacy (1982), Ind. App., 427 N.E.2d 919. Under the trial rules, trial courts are allowed to adopt local rules of court as long as these rules do not conflict with the Indiana trial rules. Otte v. Tessman (1981), Ind., 426 N.E.2d 660. Analogous to Trial Rule 52(C), local rule 14(3) authorizes the prosecutor to propose findings of fact. Trial Rule 52(C) allows:
(C) Proposed Findings. In any case where special findings of facts and conclusions thereon are to be made the court shall allow and may require the attorneys of the parties to submit to the court a draft of findings of facts and conclusions thereon which they propose or suggest that the court make in such a case.
In S.W.E.'s case, the prosecutor drafted the waiver order including proposed findings of facts. On April 26, 1989, the juvenile referee reviewed the drafted order and adopted the proposal. On March 15, 1990, the juvenile judge signed and adopted the waiver order. We find the progression of these events does not usurp the juvenile judge's authority to find facts.
The order is therefore affirmed.
HOFFMAN, P.J., and CONOVER, J., concur.
NOTES
[1] The 1984 amendment to IC 31-6-4-9(b) changed the language from "authorize the filing of the petition if it finds... ." to "approve the filing of the petition if there is... ." This amendment does not change the juvenile court's responsibility to give consent to the filing of the delinquency petition.
[2] IC 31-6-2-4 Waiver of jurisdiction

Sec. 4.(a) Waiver of jurisdiction refers to an order of the juvenile court that waives the case to a court that would have jurisdiction had the act been committed by an adult. Waiver is for the offense charged and all included offenses.
(b) Upon motion of the prosecutor and after full investigation and hearing, the juvenile court may waive jurisdiction if it finds that:
(1) the child is charged with an act:
(A) that is heinous or aggravated, with greater weight given to acts against the person than to acts against property; or
(B) that is a part of a repetitive pattern of delinquent acts, even though less serious;
(2) the child was fourteen (14) years of age or older when the act charged was allegedly committed;
(3) there is probable cause to believe that the child committed the act;
(4) the child is beyond rehabilitation under the juvenile justice system; and
(5) it is in the best interests of the safety and welfare of the community that the child stand trial as an adult.
(c) Upon motion of the prosecutor and after a full investigation and a hearing, the court may waive jurisdiction if it finds that:
(1) the child is charged with an act that, if committed by an adult, would be a felony under IC 35-48-4;
(2) there is probable cause to believe that the child has committed the act;
(3) the child was at least sixteen (16) years of age when the act was allegedly committed; and
(4) it is in the best interests of the safety and the welfare of the community for the child to stand trial as an adult.