Matthew J. SOWARD, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–9209–JV–275.

Court of Appeals of Indiana, Third District.

Jan. 25, 1993.

William J. Nye, Elkhart, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Matthew J. Soward appeals the juvenile court order waiving juvenile court jurisdiction to the Elkhart Superior Court. As consolidated, Soward's issue for review is as follows: whether the juvenile court abused its discretion by waiving the matter to the adult court pursuant to the statutory provision.

A petition alleging delinquency was filed on January 22, 1992. On January 27, 1992,

the prosecutor filed a motion for waiver of juvenile jurisdiction. The petition contained *inter alia* the statement of probable cause.

At the March 11, 1992 hearing on waiver held before the juvenile court, the State presented evidence through stipulations that Soward was born June 21, 1975, and that Helen Stupak died on October 7, 1991, as a result of injuries sustained in a collision with a car driven by Soward on October 4, 1991. Further, the State presented testimony that Soward was racing or chasing another car, travelling in excess of 85 m.p.h. in a 45 m.p.h. zone, when he crossed a double-yellow line on a curve. His car collided head-on with Stupak's vehicle.

In an order dated March 25, 1992, the juvenile court waived jurisdiction of the matter to the Elkhart Superior Court allowing Soward to be charged as an adult. This appeal ensued.[1]

IND.CODE § 31–6–2–4(e) (1990 Supp.) provides:

"Except for those cases in which the juvenile court has no jurisdiction in accordance with section 1.1(d) of this chapter, the court shall upon motion of the prosecutor and after full investigation and hearing, waive jurisdiction if it finds that:

(1) the child is charged with an act that, if committed by an adult, would be:

\* \* \* \* \* \*

(C) reckless homicide as a Class C felony under IC 35–42–1–5;

(2) there is probable cause to believe that the child has committed the act; and

(3) the child was sixteen (16) years of age or older when the act charged was allegedly committed;

unless it would be in the best interests of the child and of the safety and welfare of the community for the child to remain within the juvenile justice system."

The waiver statute creates a presumption in favor of waiver when the State satisfies the statutory prerequisites that the act charged would be a specified crime if committed by an adult, that the child meets the minimum age specification, and that probable cause exists to believe the child committed the act. *State v. Gorzelanny* (1984), Ind.App., 468 N.E.2d 589, 590. It is then within the discretion of the juvenile court to retain the child in the juvenile court system or to waive juvenile court jurisdiction. *Id.* On review, a court's exercise of discretion will be reversed only if the decision is clearly against the logic and effect of the facts of the case. *Id.*

The hearing satisfied the requirements imposed prior to the waiver. The court's order acknowledges the testimony presented by Soward in favor of a finding that the matter should remain in the juvenile court system. However, the court was presented with evidence that Soward, whose driving license had been issued two weeks prior to the collision, was racing or chasing another vehicle; that Soward drove at speeds in excess of 85 m.p.h. in a 45 m.p.h. zone; and that Soward disregarded his companions' request not to pass a slower moving vehicle because of oncoming traffic. The juvenile court did not abuse its discretion in determining that Soward failed to rebut the presumption that jurisdiction should be waived to the adult court.

There being no finding of error, the judgment is affirmed.

Affirmed.

GARRARD and BARTEAU, JJ., concur.

---

1. Soward's Petition to Accept Interlocutory Appeal was granted pursuant to Ind.Appellate Rule 4(B)(6). *Cf. State ex rel. Snellgrove v. Porter C.C. et al.* (1979), 270 Ind. 431, 434, 386 N.E.2d 680, 681, DeBruler, J., dissenting, (appellate review of juvenile court waiver should await final determination of the criminal action).