804 N.E.2d 305 (2004)
K.M., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 82A01-0306-JV-212.
Court of Appeals of Indiana.
March 9, 2004.
Transfer Denied May 27, 2004.
*306 Julie A. Fox, Evansville, IN, Attorney for Appellant.
Stephen R. Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

*307 OPINION
ROBERTSON, Senior Judge.

STATEMENT OF THE CASE
This interlocutory appeal arises from the juvenile court's waiver of K.M. to adult criminal court.
We affirm.

ISSUE
K.M. states the issue as:
Is the defendant beyond rehabilitation of the juvenile court system as a matter of law when he has never been adjudicated delinquent or been through the juvenile court system informally.
The State asserts that the issue is as follows:
Whether there was sufficient evidence to justify waiving jurisdiction of K.M. from juvenile court to adult court.
We tend to agree with the State's restatement of the issue.

FACTS
K.M. had been expelled from school as a result of poor attendance, disrespectful behavior, and failure to conform to school discipline. K.M. also carried a small handgun.
Fifteen-year-old K.M. was a friend of twenty-five-year-old Daren Harris and had been so for several months. On the day in question, Michael Durham and Nicholas Johnson were approached by Orlando Jones. Jones told them that he was upset with Durham because he had heard from K.M. that Durham was going to vandalize his home. Durham and Johnson denied the allegation and the three of them concluded that K.M. was trying to have Jones fight Durham because K.M. was upset with Durham.
Later the same evening, Durham and Johnson walked by Harris' house and saw K.M. and Harris there. Durham told K.M. that the plan to have Jones beat up Durham did not work. K.M. replied he did not need Jones to do that for him. K.M. then pulled out a small revolver and tried to fire it at Durham and Johnson. The gun misfired on several attempts. K.M. handed the gun to Harris, who also attempted to fire the weapon, but did not succeed. Harris told K.M. to obtain another gun from inside the house, but before K.M. could do so Durham and Johnson left the scene.
Still later while they were returning home, Durham and Johnson passed by Harris' house, but by way of the other side of the street. K.M. accosted them and had words with Durham. Durham and Johnson ran from the scene. K.M. pursued them and then again attempted to fire a gun at them, this time striking Durham in the neck. The gun then malfunctioned. Harris and his father arrived and K.M. told them he had shot at Durham and Johnson but did not know if he hit them. K.M. added that he had hit Durham. K.M. ran away discarding the gun as he went.
Subsequently K.M. turned himself in to the police. The police determined that it was a gang-related incident. K.M. told the police that he thought Durham was reaching for a gun. K.M. would not tell the police where he obtained the weapon.
A delinquency petition was filed charging K.M. with attempted murder. After being waived to adult court K.M. commenced the proceedings for this interlocutory appeal.

DISCUSSION AND DECISION
Waiver of a juvenile from juvenile court jurisdiction is governed by Ind.Code § 31-30-3-2. That statute provides, in *308 pertinent part, for waiver of juvenile jurisdiction if the child is charged with an act that is heinous or aggravated, with greater weight given to acts against the person; the child was at least fourteen years of age when the alleged act was committed; there is probable cause to believe the child committed the act; the child is beyond rehabilitation under the juvenile justice system; and, it is in the best interests of the safety and welfare of the community that the child stand trial as an adult.
The court's waiver order found that the offense with which K.M. was charged was heinous and aggravated because a firearm was used; the victim was leaving the area; that K.M. earlier in the day attempted to use the weapon against the victim; and, that the incident was gang-related. The court further found K.M. was beyond rehabilitation under the juvenile justice system because he was not in school; exhibited an oppositional defiant attitude against authority figures; associated with adult male gang members; and, lacked proper supervision at home. Accordingly, said the court, K.M. should be under the authority of a court or penal institution for a period of time longer than that available under the juvenile justice system. The court continued that because K.M. was violent and beyond the control of his parents it was in the best interests of the community's safety and welfare that K.M. stand trial as an adult.
The court completed finding the necessary statutory requirements for waiver by holding that K.M. was over fourteen and under eighteen years of age at the time of the charged offense; that K.M. was subject to the jurisdiction of the juvenile court because the petition for delinquency had been filed; and, the act charged would be a Class A felony if committed by an adult.
When reviewing a claim of the sufficiency of a waiver order, we will not weigh the evidence or judge the credibility of witnesses. Thomas v. State, 562 N.E.2d 43, 45 (Ind.Ct.App.1990). We look only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom, considering both the waiver hearing and the findings of fact given by the court. Id. Unlike criminal proceedings, juvenile proceedings are of a general civil nature, and the burden upon the State is to establish by a preponderance of the evidence that juvenile jurisdiction should be waived. Id. The court on appeal reviews a juvenile court's decision to waive its jurisdiction for an abuse of discretion. Moore v. State, 723 N.E.2d 442, 445 (Ind. Ct.App.2000). The juvenile court is entitled to give the evidence before it whatever weight it deems appropriate. McDowell v. State, 456 N.E.2d 713, 715 (Ind. 1983).
K.M.'s argument is allegorical. He has not cited, nor have we found, either statutory or case law to directly support his argument that he must be adjudicated a delinquent, or have other exposure to the juvenile justice system, before he can be found beyond rehabilitation.
K.M. cites S.W.E. v. State, 563 N.E.2d 1318, 1322 (Ind.Ct.App.1990) for the proposition that the State has a stronger burden to waive jurisdiction because the State must prove a juvenile is beyond rehabilitation. We do not read S.W.E. to require a stronger burden of proof in the sense that clear and convincing evidence or evidence beyond a reasonable doubt is required. We read it only to say an additional consideration, that a juvenile is beyond rehabilitation, must be proven. The State's burden of proof was, and is, by a preponderance of the evidence. Thomas, 562 N.E.2d at 45.
K.M.'s argument has several other facets. Insofar as legislative intent is *309 concerned, we are of the opinion that it is not necessary to go behind the plain language of Ind.Code § 31-30-3-2 to determine the circumstances under which K.M. can be waived to adult court. K.M. is correct that the term "beyond rehabilitation" has not been defined in our case law. We believe that the reason for the lack of a definition is that the determination of whether a juvenile is beyond rehabilitation is fact sensitive and can vary widely from individual to individual and circumstance to circumstance. K.M. is also correct that a presumption exists that a juvenile should be retained in the juvenile system. See S.W.E., 563 N.E.2d at 1322. However, Ind.Code § 31-30-3-2 makes that presumption rebuttable upon proper proof by the State. Additionally, K.M. directs us to other statutes in the juvenile code where age 16 is the threshold for waiver of juvenile jurisdiction. Those statutes (Ind.Code § 31-30-1-4 provides for automatic waiver in certain instances, and Ind.Code § 31-30-3-5 provides for a presumptive waiver in certain other instances) do not override the age provisions contained in Ind.Code § 31-30-3-2, the statute controlling this case.
In conclusion we find as a matter of law that evidence of prior delinquency adjudications and/or informal dispositions was not a prerequisite to the trial court's decision that K.M. was beyond rehabilitation, and thus, that jurisdiction of K.M.'s case should be waived to adult court. The trial court complied with the requirements of Ind.Code § 31-30-3-2 and found, for the reasons stated in the waiver order, that K.M. was beyond rehabilitation for the purposes of waiving him to adult court.[1]

CONCLUSION
There was no abuse of discretion in waiving K.M. to adult court. Judgment affirmed.
NAJAM, J., and VAIDIK, J., concur.
NOTES
[1] The docket in this case indicates that K.M. requested permission to file a late reply brief. We deny the request.