## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 31 2015, 10:24 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Leeman
Cass County Public Defender
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bradley Hunt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 31, 2015

Court of Appeals Case No.
09A02-1409-CR-686

Appeal from the Cass Circuit Court.
The Honorable Leo T. Burns, Judge.
Cause Nos. 09C01-1101-JD-4
09C01-1104-MR-1

**Baker, Judge.**

Following his guilty plea to voluntary manslaughter, Bradley Hunt appeals the juvenile court's waiver of juvenile jurisdiction. Hunt argues that there was no probable cause to believe that he committed an act that would be murder if committed by an adult and maintains that waiver was not in the best interest of himself and the community. Finding no error, we affirm.

## Facts

[1] On January 12, 2011, Daniel Martin and David Gipson agreed to fight each other at a photography studio parking lot that was near the River Bluff Trail in Logansport. Both Martin and Gipson invited friends to come and watch the altercation. Hunt came to watch the fight.

[2] The fight occurred, but ended quickly when Gipson overtook Martin. Gipson then returned to his car. Once Gipson was in the car, Hunt approached the car and struck Gipson's window with his hand. Zachary Franklin, a friend of Gipson, was standing near the car. A confrontation took place between Franklin and Hunt. Franklin struck Hunt, who fell to the ground. When Hunt got up, he had a knife in his hand, which he swung towards Franklin. To the witnesses, it looked like Hunt was punching Franklin, who yelled that Hunt had stabbed him. Franklin died shortly after. It was later determined that Franklin sustained wounds to the heart, abdomen, and cheek. At the time of the incident, Hunt was on supervised probation, as he had previously been adjudicated a delinquent child for criminal mischief and consumption of alcohol.

[3]     On January 14, 2011, the State filed a request for authorization to file a delinquency petition, along with its written report, including sworn affidavits prepared and submitted by officers of the Logansport Police Department. The juvenile court determined that the information was trustworthy and that probable cause existed to believe that Hunt committed an act that would be murder if committed by an adult. The juvenile court approved the request, and the State filed a delinquency petition alleging Hunt to be a delinquent child for murder, a felony if committed by an adult.

[4]     Along with the petition, the State filed a motion for waiver of juvenile jurisdiction pursuant to Indiana Code section 31-30-3-4. The juvenile court held a waiver hearing on April 4, 2011. At the hearing, the State called Logansport Police Department Detective Bradley Miller. Miller testified that he had been called in to assist in the report of a stabbing on January 12, 2011, and that he had interviewed several witnesses, who reported that an altercation had occurred between Franklin and Hunt and that Hunt had a knife.

[5]     On April 11, 2011, the juvenile court issued its order waiving jurisdiction. The State charged Hunt with murder on April 12, 2011. On August 8, 2011, Hunt pleaded guilty to voluntary manslaughter. The trial court sentenced Hunt to thirty years for the voluntary manslaughter conviction.

[6]     On August 7, 2014, Hunt filed a petition for permission to file a belated appeal pursuant to Indiana Post-Conviction Rule 2(1). The prosecutor then filed a notice that he did not object to Hunt's appeal of the waiver of juvenile

jurisdiction. The trial court granted Hunt permission to file a belated notice of appeal. This appeal ensued.

## Discussion and Decision

[7] Hunt appeals the juvenile court's decision to waive jurisdiction to the adult court. We review a juvenile court's decision to waive jurisdiction only for an abuse of discretion. *Vance v. State*, 640 N.E.2d 51, 57 (Ind. 1994). It is for the juvenile court judge, after weighing the effect of retaining or waiving jurisdiction, to determine which is the more desirable alternative. *Id*. We will not reweigh the evidence or judge the credibility of witnesses. *K.M. v. State*, 804 N.E.2d 305, 308 (Ind. Ct. App. 2004). We look only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom, and we consider both the waiver hearing and the findings of fact given by the court. *Id*. Juvenile proceedings, unlike criminal proceedings, are civil in nature and the burden is on the State to establish by a preponderance of the evidence that juvenile jurisdiction should be waived. *Id.* The juvenile court is entitled to give the evidence before it whatever weight it deems appropriate. *Id.*

[8] Waiver of a juvenile who has committed an act that would be murder if committed by an adult is governed by Indiana Code section 31-30-3-4, which provides:

> Upon motion of the prosecuting attorney and after full investigation and hearing, the juvenile court shall waive jurisdiction if it finds that:
> (1) the child is charged with an act that would be murder if committed by an adult;

> (2) there is probable cause to believe that the child has committed the act; and
>
> (3) the child was at least ten (10) years of age when the act charged was allegedly committed;
>
> unless it would be in the best interests of the child and of the safety and welfare of the community for the child to remain within the juvenile justice system.

There is a presumption in favor of waiver "when the State satisfies the statutory prerequisites that the act charged would be a specified crime if committed by an adult, that the child meets the minimum age specification, and that probable cause exists to believe the child committed the act."[1] *Soward v. State*, 606 N.E.2d 885, 886 (Ind. Ct. App. 1993) (interpreting a prior version of the statute).

[9] Hunt first argues that the juvenile court did not have probable cause to believe that he committed an act that would be murder if committed by an adult. Rather, Hunt argues that the evidence showed that he acted in sudden heat. Probable cause exists when the facts and circumstances within an officer's knowledge, which are based upon reasonably trustworthy information, are sufficient to warrant a reasonable man's belief that a crime has been or is being committed. *Strosnider v. State*, 422 N.E.2d 1325, 1328 (Ind. Ct. App. 1981). This standard requires more than a reasonable suspicion, but does not require proof beyond a reasonable doubt. *Id.*

---

[1] Hunt was fifteen years of age when the charged act was committed. He was born on July 18, 1995. Appellant's App. p. 50.

[10] Hunt contends that he presented evidence that raised the issue of sudden heat. He argues that the following evidence suggests the presence of sudden heat: 1) an altercation occurred between Hunt and Franklin; 2) Franklin was over fifty pounds heavier than Hunt; 3) Franklin struck Hunt in the face, knocking him to the ground; and 4) there was no evidence that Hunt had a knife in his hand until after he was knocked to the ground by Franklin. Tr. p. 31-32, 60, 63-65, 71; Appellant's App. p. 50. Hunt argues that a reasonable person, especially a reasonable child, would be acting in sudden heat under these circumstances.

[11] However, the juvenile court also heard evidence at the waiver hearing that Hunt came to watch a fight armed with a folding knife. *Id.* at 33. It heard evidence that Hunt had a physical altercation with Franklin and that he stabbed Franklin during the altercation. *Id.* at 31-32. Moreover, the juvenile court heard evidence that Franklin sustained stab wounds to the heart, chest, and cheek and that Hunt later bragged about stabbing Franklin. *Id.* at 36. In addition to the evidence at the waiver hearing, the juvenile court considered the affidavits and reports that were submitted with the delinquency petition and found that information to be trustworthy. The court found that this evidence established that probable cause existed to find Hunt committed an act that would be murder if committed by an adult. Hunt's argument is a request to this Court to reweigh the above evidence, which we will not do.

[12] Next, Hunt argues that waiver was not in his best interest or the best interest of the community. Hunt places particular weight on the evaluation of a psychologist at the Muncie Reception and Detention Center. In that

evaluation, the psychologist determined that Hunt had a low intellectual and age intelligence, and recommended "placement in a residential facility for the longest period of time possible." Ex. Vol. I. p. 26. Hunt argues that he should have been placed in a residential facility, where trained staff could have given Hunt serious mental health treatment to "help him take accountability for his behaviors." Appellant's Br. p. 20.

[13] While Hunt places significant emphasis on the psychologist's report, we note that "the juvenile court in holding the waiver hearing is not compelled to give overriding weight to testimony that supports a finding the juvenile should remain in the juvenile system." *Gerrick v. State*, 451 N.E.2d 327, 330 (Ind. 1983). Again, we will only reverse the juvenile court's determination of waiver for an abuse of discretion. *Id.*

[14] Here, the juvenile court heard evidence that showed Hunt had already received treatment under the juvenile system and had failed to change his behavior. At the time of the charged incident, Hunt was already under the jurisdiction of the juvenile justice system as a result of being adjudicated a delinquent for criminal mischief and consumption of alcohol. Appellant's App. p. 51. Hunt was on probation at the time, and had violated the conditions of that probation several times prior to April 2010, when he was placed in a youth center. *Id*. at 51-52. He had also been participating in an intensive day treatment called "Alternatives." *Id* at 51. In its waiver order, the juvenile court noted that:

> During his period of supervised juvenile probation between August 17, 2009 and January 12, 2011, [Hunt] was afforded all the services for

juveniles that Cass County has available. He was placed in secure detention on two separate occasions and completed a period of residential placement.

Tr. p. 52. Notwithstanding the prior opportunities and services Hunt had been afforded, he still committed the instant offense, a violent act. Under these circumstances, we cannot say that the juvenile court abused its discretion in granting the waiver of juvenile jurisdiction.

[15] The judgment of the juvenile court is affirmed.

Najam, J., and Friedlander, J., concur.