## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 06 2018, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alia Sierra,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 6, 2018<br><br>Court of Appeals Case No.<br>12A02-1710-CR-2339<br><br>Appeal from the Clinton Circuit Court<br><br>The Honorable Bradley K. Mohler, Judge<br><br>Trial Court Cause Nos.<br>12C01-1707-JD-207<br>12C01-1708-F5-873 |

**Barteau, Senior Judge.**

## Statement of the Case

[1]    Appellant Alia Sierra appeals the juvenile court's waiver of juvenile jurisdiction.

We affirm.

# Issue

[2] Sierra presents one issue for our review: whether the juvenile court erred by waiving jurisdiction of this matter to adult court.

# Facts and Procedural History

[3] On the evening of July 12, 2017, seventeen-year-old Sierra was driving a vehicle with four teenage passengers. Sierra was travelling between 80 and 107 m.p.h. on a county road when she hit a bump and lost control of the vehicle. The vehicle left the road and crashed through the front porch and living room of a home. The vehicle struck and killed two children who were in the living room and seriously injured their mother.

[4] Based upon these events, a delinquency petition was filed alleging that Sierra is a delinquent child for committing the following acts that would be crimes if committed by an adult: two counts of reckless homicide as Level 5 felonies; two counts of causing death while operating a motor vehicle with a controlled substance in the blood as Level 5 felonies; two counts of causing death while operating a motor vehicle while intoxicated as Level 5 felonies; causing serious bodily injury while operating a vehicle while intoxicated, a Level 6 felony; causing serious bodily injury while operating a vehicle with a controlled substance in the body, a Level 6 felony; criminal recklessness, a Level 6 felony; and criminal mischief, a Level 6 felony. The State subsequently filed a petition to waive juvenile jurisdiction. The juvenile court held a hearing on the State's

petition, after which it waived jurisdiction. The State then filed an information charging the same offenses as contained in the delinquency petition.

[5] Sierra moved the juvenile court to certify its order for interlocutory appeal, which the court granted. This Court accepted jurisdiction over the interlocutory appeal but then granted Sierra's motion to temporarily stay the appeal and remand to the trial court. In the meantime, Sierra filed a motion to reconsider the waiver order in the trial court. The court affirmed the waiver order, and this Court resumed jurisdiction to hear the interlocutory appeal.[1]

## Discussion and Decision

[6] A juvenile court's decision to waive its jurisdiction is reviewed for an abuse of discretion. *Moore v. State*, 723 N.E.2d 442, 445 (Ind. Ct. App. 2000). Accordingly, the court's decision will be reversed only if it is clearly against the logic and effect of the facts of the case. *Soward v. State*, 606 N.E.2d 885, 886 (Ind. Ct. App. 1993). We will not weigh the evidence or judge the credibility of the witnesses. *Hall v. State*, 870 N.E.2d 449, 455 (Ind. Ct. App. 2007), *trans. denied*. We look only to the evidence most favorable to the State and any reasonable inferences to be drawn therefrom, considering both the waiver hearing and the findings of fact stated by the court. *Id.* Unlike criminal proceedings, juvenile proceedings are civil in nature, and the State has the

---

[1] In her reply brief, Sierra requests the Court to strike certain material from the State's brief. We grant this request.

burden to establish by a preponderance of the evidence that juvenile jurisdiction should be waived. *Id.* Further, the juvenile court is entitled to give the evidence whatever weight it deems appropriate. *Id.*

[7] In general, waiver of juvenile jurisdiction is governed by Indiana Code section 31-30-3-5 (2014), which provides, in pertinent part, that:

> the court shall, upon motion of the prosecuting attorney and after full investigation and hearing, waive jurisdiction if it finds that:
>
> (1) the child is charged with an act that, if committed by an adult, would be:
>
> . . .
>
> (C) reckless homicide as a Level 5 felony under IC 35-42-1-5;
>
> (2) there is probable cause to believe that the child has committed the act; and
>
> (3) the child was at least sixteen (16) years of age when the act charged was allegedly committed;
>
> unless it would be in the best interests of the child and of the safety and welfare of the community for the child to remain within the juvenile justice system.

There is a presumption in favor of waiver when the State's evidence satisfies these three statutory prerequisites. *Moore*, 723 N.E.2d at 446. "The burden to present evidence that waiver is not in the best interests of the juvenile or of the safety and welfare of the community remains at all times upon the juvenile seeking to avoid waiver." *Villalon v. State*, 956 N.E.2d 697, 705 (Ind. Ct. App. 2011), *trans. denied*.

[8] The parties agree that the necessary statutory requirements were met in this case. Consequently, Sierra contends that waiver was not in her best interest or the best interest of the safety and welfare of the community. She argues that her lack of a juvenile/criminal record, her grades, her employment, her volunteer work, and the negative results of drug tests from that night[2] lead to the conclusion that she should be retained in the juvenile justice system. Sierra also points to studies admitted at the waiver hearing that discuss brain development in adolescents and the consequences of juveniles being waived into adult court.

[9] At the waiver hearing, the juvenile court was presented with evidence that Sierra was operating her vehicle containing four other teenagers on a county road at an extremely high rate of speed. A detective from the sheriff's department who is trained in accident reconstruction calculated Sierra's speed to be 107 m.p.h. One of her teenage passengers stated Sierra was driving recklessly at over 100 m.p.h., another passenger had asked Sierra to slow down, and a third passenger had requested to be let out of the vehicle. Sierra told officers she was driving 80 m.p.h. when she hit a bump and lost control of the vehicle. The vehicle left the roadway, went airborne for a short distance, and crashed into a home that was approximately two hundred feet from the road,

---

[2] In its waiver order, the court states that Sierra was "drug screened and tested positive for opiates." Appellant's App. Vol. 2, p. 107. After this interlocutory appeal was initiated, the results of further drug tests were received showing negative results for opiates. At Sierra's request, this Court stayed the appeal and remanded the cause to the trial court in order for her to petition the court to reconsider its waiver order in light of these test results. The court affirmed its waiver ruling as appropriate, stating that the facts surrounding Sierra's drug use on the night in question are not pivotal given the remaining facts outlined during the waiver hearing.

killing two children inside the home and seriously injuring their mother, who was taken from the scene by lifeline helicopter.

[10] The juvenile court also viewed evidence of pictures and videos from Sierra's cell phone depicting marijuana and alcohol use, including by juveniles in Sierra's car, as well as a video of Sierra aggressively accosting another teen. Further, the court received evidence of Sierra's drug and alcohol use, the effect upon Sierra when a friend was killed in a drunk driving accident, and her sibling's battle with substance abuse.

[11] In addition, the court heard the testimony of probation officer Dan Matz that retaining Sierra in the juvenile system limits the court's options for services and enforcement of the terms of probation. He indicated there were not "appropriate services" in the juvenile system to address issues in this case. Tr. Vol. 2, p. 66. He also stated that many of the services available in the juvenile system could not be completed before Sierra turned eighteen, thereby limiting the court's enforcement options.

[12] Sierra presented the testimony of Natalie Walker, Assistant Director of the Indiana Department of Correction Division of Youth Services who testified about programs available at the Department of Correction Girls School. Dr. Robin Kohli, a psychologist who evaluated Sierra, testified to the likelihood of Sierra's rehabilitation and her need for substance abuse and behavioral counseling. She concluded it is in Sierra's best interest to stay in the juvenile

system in order to avoid a felony conviction that would most likely prevent her from becoming a special education teacher.

[13] As to Sierra's best interest, the juvenile court acknowledged in its waiver order that she has "many positive attributes," which it specifically recognized: no criminal/juvenile history, solid student, employed full time in the summer and part time during the school year, and active in a "pro-social activity" at school. Appellant's App. Vol. 2, p. 108.

[14] The court further considered Sierra's age—17—at the time of the accident, her history of substance abuse, her failure to alter her behavior in response to life experiences, and her indifference to destructive and aggressive behavior as evidenced by photos and videos on her cell phone. In addition, the court evaluated the options for treatment and rehabilitation available to Sierra in the juvenile justice system versus the adult system, given her age. In considering Dr. Kohli's recommendation and the options to which Walker testified, the court stated it could not be assured of long-term enforcement options after Sierra's release from the Girls School. We note that the juvenile court is under no obligation to accept the recommendations of expert witnesses. *Hall*, 870 N.E.2d at 457. Moreover, the juvenile court is not compelled to give overriding weight to testimony that supports a finding the juvenile should remain in the juvenile system. *Gerrick v. State*, 451 N.E.2d 327, 330 (Ind. 1983).

[15] As for the safety and welfare of the community, the court noted its concern that there are limited enforcement options for violations of probation in the juvenile

system once the juvenile turns eighteen. The court concluded there was no evidence that retaining Sierra in the juvenile system is in the best interest of the safety and welfare of the community and that "[t]he community's interest in ensuring [Sierra] obtains the necessary treatment, services, and consequences can only be obtained through the adult justice system which provides sufficient time and enforcement capabilities." Appellant's App. Vol. 2, p. 110.

[16] The evidence that was before the court provides ample support for its determination that waiver of jurisdiction was in Sierra's best interest and the best interest of the safety and welfare of the community. Accordingly, we find no abuse of discretion.

## Conclusion

[17] The juvenile court did not abuse its discretion in determining that Sierra failed to rebut the presumption that jurisdiction should be waived to the adult court.

[18] Judgment affirmed.

Bailey, J., and Robb, J., concur.