## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 08 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

S. S.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 8, 2019

Court of Appeals Case No.
18A-JV-1161

Appeal from the Madison Circuit Court

The Honorable G. George Pancol, Judge

Trial Court Cause No.
48C02-1611-JD-329

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, S.S., brings an interlocutory appeal of the juvenile court's waiver of his cause to adult court.

We affirm.

# ISSUE

S.S. presents this court with one issue on appeal, which we restate as: Whether the juvenile court abused its discretion by waiving S.S. into adult court, finding that he is beyond rehabilitation in the juvenile justice system and that it is in the best interest of the safety and the welfare of the community to try S.S. as an adult.

# FACTS AND PROCEDURAL HISTORY

On November 1, 2016, sixteen-year-old S.S. escaped from his court-ordered placement at Lutherwood, a secure residential facility in Indianapolis, by overpowering staff members and stealing the keys. Together with his brother and another juvenile, S.S. subsequently stole a rental car from Hertz Car rental and drove the vehicle to Anderson, Indiana where he picked up other female juveniles and smoked marijuana. Around 12:15 a.m. on November 3, 2016, a uniformed police officer in a marked vehicle attempted to conduct a traffic stop of the rental car, but as soon as the vehicle came to a stop, S.S. and the other boys fled from the officer on foot.

[5] Twelve days later, on November 15, 2016, at approximately 12:46 a.m., police officers were dispatched to Crack Shot Guns in Anderson on a report of an individual on the roof of the gun store. When a state police officer arrived at the store, three juveniles—S.S., his brother, and a third juvenile—fled from the gun store carrying duffel bags. Despite the officer's command for the juveniles to stop, they jumped a fence and continued running. S.S. was caught shortly afterwards, hiding in the trees.

[6] On November 22, 2016, the juvenile court authorized the filing of a delinquency petition, in which the State alleged that S.S. committed attempted burglary, a Level 5 felony if committed by an adult; resisting law enforcement, a Class A misdemeanor if committed by an adult; and a curfew violation relating to the incident at the gun store. On November 29, 2016, the juvenile court authorized the State to file a second delinquency petition, alleging that S.S. committed auto theft, a Level 6 felony if committed by an adult; resisting law enforcement, a Class A misdemeanor if committed by an adult; and unauthorized entry of a motor vehicle, a Class B misdemeanor if committed by an adult. Two weeks later, on December 15, 2016, the State filed a motion to waive jurisdiction to adult court.

[7] At the juvenile court waiver hearing, S.S. stipulated to the probable cause on the auto theft, resisting law enforcement, and unauthorized entry of a motor vehicle. The juvenile court found probable cause on the attempted burglary charge. According to S.S.'s probation report, which the juvenile court considered in reaching its determination, S.S., between the ages of thirteen and

fourteen, had been adjudicated a delinquent child for seven delinquent acts: burglary, a Level 5 felony if committed by an adult; two charges of dangerous possession of a firearm, Level 5 felonies if committed by an adult; theft of a firearm, a Level 6 felony if committed by an adult; two charges of theft, as Class A misdemeanors if committed by an adult; and leaving the home without the permission of a parent or guardian. S.S. violated the terms of his probation in five of the seven prior delinquency findings.

[8] S.S. was first arrested by police officers when he was thirteen years old, on October 11, 2014, for criminal trespass, a Class A misdemeanor if committed by an adult. He was offered an informal adjustment, which included an apology letter and community service work. S.S. failed to complete these requirements due to a new arrest, leaving home without the permission of a parent on November 1, 2014. A month and a half later, on December 14, 2014, S.S. was arrested again and was alleged to have committed acts which, if committed by an adult, would be Level 5 burglary, Level 6 felony theft of a firearm, a Class A misdemeanor carrying a handgun without a license, and Level 5 felony dangerous possession of a firearm. S.S. was adjudicated a delinquent child on these charges. He was ordered to formal probation and was required to complete community service work, write an apology letter, and complete the Thinking for a Change Program—an evidence-based, cognitive behavioral program to change criminal thinking.

[9] On January 20, 2015, six days after the disposition of these delinquency charges, S.S. was arrested again, alleged to have committed the adult equivalent

of Level 6 felony theft of a firearm, Level 3 felony conspiracy to commit armed robbery, and Level 5 felony dangerous possession of a firearm. The juvenile court entered a true finding for the Level 5 felony, and dismissed the remaining allegations.

[10] Less than a month after the disposition of S.S.'s third felony case, on February 6, 2015, S.S. was arrested again and was alleged to have committed battery resulting in bodily injury, a Class A misdemeanor if committed by an adult. In March 2015, S.S. was placed in the Evening Reporting Program and was ordered to complete Project Hope, a faith-based mentoring program. Although S.S. participated in the programs, he was arrested again on July 25, 2015, alleged to have committed an act that would have been a Class A misdemeanor theft, if committed by an adult. The juvenile court returned a true finding on September 4, 2015. Nevertheless, prior to this true finding, on August 21, 2015, S.S. was arrested for the seventh time in a year and was alleged to have committed theft and false informing, respectively a Class A misdemeanor and a Class B misdemeanor if committed by an adult. The juvenile court entered a true finding for Class A misdemeanor theft on October 16, 2015. That same day, S.S. was placed at Rite of Passage, a juvenile residential facility.

[11] During S.S's eight-month placement, "he did not make any significant progress, was non-compliant with medication management, gave his medication away and went AWOL three times." (Appellant's App. Vol. II, p. 43). As a result, S.S. was moved to the secure unit at Lutherwood from which he absconded on

November 1, 2016 after overpowering staff and stealing the keys, and before committing the instant offenses.

[12] Since S.S. came in contact with the juvenile justice system, he has been offered informal adjustment, formal probation, pre-trial house arrest and electronic monitoring, residential placement at Rite of Passage, and secure residential placement at Lutherwood. He has been detained six times in the Madison County Youth Secure Detention Unit, ordered to attend the Evening Reporting Program, complete community service, and write apology letters. He was provided with behavioral health services, counseling, and placement in Thinking for a Change and Project Hope.

[13] During the waiver hearing, S.S.'s probation officer thought it "not likely" that there were other programs left to offer S.S. based on his history. She explained that the Youth Opportunity Center was not an option because it would not accept S.S. but also noted that S.S. had not yet been committed to the Indiana Department of Correction. At the conclusion of the hearing, the juvenile court entered findings, waiving S.S. into adult court.

[14] On January 10, 2018, the trial court granted S.S.'s request to file a belated interlocutory appeal. After filing a request with this court, we accepted S.S.'s interlocutory appeal on June 15, 2018. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[15] S.S. contends that the juvenile court abused its discretion by waiving him to adult court after finding that he is beyond rehabilitation in the juvenile justice system and that it is in the best interest of the safety and welfare of the community to try him as an adult.

[16] Upon appellate review of claims alleging insufficient evidence to support waiver, we will not weigh the evidence or judge the credibility of witnesses. *S.W.E. v. State*, 563 N.E.2d 1318, 1322 (Ind. Ct. App. 1990). We look only to the evidence most favorable to the State and reasonable inferences to be drawn therefrom, considering both the record of the waiver hearing and the reasons given by the court. *Id.*

[17] Unlike criminal proceedings, juvenile proceedings are civil in nature, and the burden is on the State to establish by a preponderance of the evidence that juvenile jurisdiction should not be waived. *Phelps v. State*, 969 N.E.2d 1009, 1016 (Ind. Ct. App. 2012), *trans. denied*. We review the juvenile court's decision to waive exclusive original jurisdiction for an abuse of discretion. *Id.* The juvenile court is entitled to give the evidence before it whatever weight it deems appropriate. *Id.*

[18] In general, juvenile courts have exclusive original jurisdiction over juvenile delinquency proceedings. Ind. Code § 31-30-1-1. Under certain circumstances, however, juvenile courts may waive this exclusive original jurisdiction. Waiver of jurisdiction is for the offense charged and all included offenses and is

accomplished by an order of the juvenile court waiving the case to adult court. I.C. § 31-30-3-1. The order must include specific findings of fact to support the order. I.C. § 31-30-3-10.

[19] One of the waiver statutes provides that after the State files its motion requesting waiver, and after a full investigation and hearing, the juvenile court may waive jurisdiction upon a finding that:

> (1) The child is charged with an act that is a felony:
>
> > (A) That is heinous or aggravated, with greater weight given to acts against the person than to acts against property; or
> >
> > (B) That is part of a repetitive pattern of delinquent acts, even though less serious;
>
> (2) The child was at least fourteen (14) years of age when the act charged was allegedly committed;
>
> (3) There is probable cause to believe that the child committed the act;
>
> (4) The child is beyond rehabilitation under the juvenile justice system; and
>
> (5) It is in the best interests of the safety and welfare of the community that the child stand trial as an adult.

I.C. § 31-30-3-2. S.S. concedes that he was over fourteen years of age, that he was facing allegations of felony acts that are part of a repetitive pattern of

delinquent acts, even though some of his prior delinquent acts were less serious, and there was probable cause to believe he committed the instant charges. S.S. specifically challenges the sufficiency of the evidence supporting the juvenile court's findings under subsections 4 and 5.

## I. *Beyond Rehabilitation*

[20] The determination of whether a juvenile is beyond rehabilitation of the juvenile justice system is fact sensitive and can vary widely from individual to individual and circumstance to circumstance. *Jordan v. State*, 62 N.E.3d 401, 405 (Ind. Ct. App. 2016) (citing *Hall v. State*, 870 N.E.2d 449, 457 (Ind. Ct. App. 2007), *trans. denied*), *trans. denied*. Turning to the evidence, we note that, between the ages of thirteen and fourteen, S.S. was adjudicated a delinquent child for seven offenses, four of which were acts that would have been felonies, if committed by an adult: Level 5 felony burglary, two charges of Level 5 felony dangerous possession of a firearm, Level 6 felony theft of a firearm, two charges of Class A misdemeanor theft, and leaving home without the permission of a parent or guardian. As a result of S.S.'s repeated violations of the law, he was offered an informal adjustment, formal probation, pre-trial house arrest and electronic monitoring, residential placement at Rite of Passage, secure residential placement at Lutherwood, detained in the Madison County Youth Secure Detention Unit, ordered to the Evening Reporting Program, ordered to complete community service, and ordered to write apology letters. S.S. was also provided behavioral health services and other counseling services.

[21]     None of these rehabilitative services curbed S.S.'s determination to engage in unlawful behavior. Although S.S. did successfully complete the Thinking for a Change and Project Hope programs, shortly after completing the programs he resumed his criminal behavior. S.S. has made no progress since; to the contrary, his behavior escalated to overpowering staff and absconding from a secure residential facility to commit the instant allegations. After receiving two years of rehabilitative programming through the juvenile justice system, the evidence overwhelmingly shows that S.S. has no interest in adhering to the rules or in reforming his delinquent ways. Accordingly, we conclude that the juvenile court properly found that S.S. is beyond the reach of the juvenile justice system based on S.S.'s escalating pattern of delinquent behavior, in defiance of the rehabilitation opportunities afforded to him. *See Jonaitis v. State*, 437 N.E.2d 140, 143-44 (Ind. Ct. App. 1982) ("It is not necessary for the trial court to recount all possible alternative juvenile dispositions available to it before concluding that none are appropriate.").

## II. *Community Safety and Welfare*

[22]     S.S.'s repetitive pattern of delinquent acts are particularly troubling because of the involvement of firearms. S.S. was adjudicated a delinquent child for, if committed by an adult, level 5 felony dangerous possession of a firearm on two occasions and for Level 6 felony theft of a firearm, before the instant offense of attempted burglary of Crack Shot Guns, a gun store. S.S.'s other adjudications involve violence directed at persons, as evidenced by true findings of resisting law enforcement, as well as evidence of assault of Lutherwood staff.

Accordingly, S.S.'s conduct shows a propensity to direct force at premises and people, combined with an alarming desire to acquire firearms to continue his pattern of unlawful acts.

[23] Overall, there have been a myriad of efforts to help S.S. to adjust his behavior—all to no avail. Rather, to the contrary, instead of rehabilitating himself, S.S. is determined to continue his unlawful behavior, regardless of the consequences. We find that there is sufficient evidence to support the juvenile court's conclusion that it is in the best interests of the safety and welfare of the community to waive S.S. to adult court.

# CONCLUSION

[24] Based on the foregoing, we hold that the juvenile court did not abuse its discretion by waiving S.S. into adult court.

[25] Affirmed.

[26] Kirsch, J. and Robb, J. concur